**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Oliver J. Fong
Direct: +1 212.351.6373
Fax: +1 212.817.9573
OFong@gibsondunn.com

October 2, 2020

VIA ECF

The Honorable J. Paul Oetken
United States District Court for the Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

Re:     *Lavvan, Inc. v. Amyris, Inc.*, No. 20-cv-07386 (JPO)

Dear Judge Oetken:

I write on behalf of Defendant Amyris, Inc. ("Amyris") in the above-referenced matter to request permission to file under seal a memorandum of law (the "Memorandum") in support of Amyris's Motion to Compel Arbitration or Dismiss under 12(b)(6) (the "Motion"), a supporting declaration (the "Declaration"), and accompanying exhibits.

Amyris intends that the Memorandum will refer to confidential portions of the unredacted version of Plaintiff's Complaint (Dkt. No. 2), filed as Exhibit B to the Declaration, as well as to two additional exhibits to the Declaration. In addition, the Memorandum, the Declaration, and Exhibits A, B, and C, which will accompany Amyris's Motion, contain detailed information concerning arbitration between the parties.

In March 2019, Amyris and Lavvan entered into a Research, Collaboration and License Agreement (the "RCLA") valued at up to $300 million in milestone payments made by Lavvan to Amyris along with a royalty arrangement based on Lavvan's commercial sales of designated biosynthetic cannabinoids. Under the RCLA, the parties agreed that any information regarding any arbitration between the two parties as to their partnership would be confidential.

Although there is a presumption of public access to judicial documents, that presumption is subject to multiple, well-recognized exceptions designed to protect the type of information at issue here. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In determining whether a party has overcome the presumption of public access, courts weigh the presumption of access against factors that outweigh disclosure. *See United States v. Amodeo*, 44 F.3d 141, 146–47 (2d Cir. 1995); *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). The presumption may be overcome "to preserve higher values" provided that "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Balanced against public access here are the parties' privacy interests in confidentiality, the harm that will result to the parties from disclosure, and the federal policy to promote arbitration.

*First,* there is a "strong public interest in preserving the confidentiality of arbitration proceedings." *Vedder Price P.C. v. US Capital Partners, LLC*, 2019 WL 1986737, at *3 (S.D.N.Y. May 6, 2019) (Oetken, J.) (internal citation omitted). Federal policy, as evidenced by the enactment of the Alternative Dispute Resolution Act of 1998 and the Federal Arbitration Act,

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

favors arbitration.  *JLM Industries, Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 171 (2d Cir. 2004) (citing *Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001)); *Fields D'Arpino v. Restaurant Associates, Inc.*, 39 F.Supp. 2d 412, 417-418 (S.D.N.Y. 1999).  Thus, protecting confidentiality agreements, such as the one between Amyris and Lavvan, promotes federal policy and encourages arbitration by ensuring that parties in an arbitration proceeding get the protections for which they contracted.

*Second*, in agreeing to the RCLA, the parties incorporated the Arbitration Rules of the International Chamber of Commerce (the "ICC Rules"), which offer the parties certain privacy guarantees.  This Court recognizes that "an expectation of confidentiality in a given document can justify maintaining under seal the document's precise terms on matters that have no effect on the adjudication in which it is introduced." *Vedder Price P.C.*, 2019 WL 1986737, at *3 (Oetken, J.) (quoting *Guzik v. Albright*, 2018 WL 6011612, at *3 (S.D.N.Y. Nov. 16, 2018) (internal citation and quotation marks omitted)).  Indeed, Article 6 of Appendix I of the ICC Rules states that "[t]he work of the Court is of a confidential nature which must be respected by everyone who participates in that work in whatever capacity."  Article 6, ICC Rules Appendix I. The contents of the documents at issue relate to arbitration between the parties and are relevant to this litigation only insofar as it informs the defenses Amyris raises against Lavvan's claims. The documents at issue are otherwise not probative of these matters.  Therefore, Amyris respectfully requests leave of this Court to file under seal portions of the Memorandum that refer to any arbitration between the parties, and Exhibits A and C.

*Third*, Amyris's Memorandum will refer to portions of the unredacted version of Plaintiff's Complaint that Plaintiffs have designated as confidential and filed as redacted.  Amyris respectfully requests leave of this Court to file under seal portions of the Memorandum that refer to those designated paragraphs of Plaintiff's Complaint and Plaintiff's unredacted Complaint, filed as Exhibit B to the Declaration.

For the foregoing reasons, Amyris requests leave to file under seal its Memorandum, Declaration, and Exhibits A, B, and C.

Respectfully submitted,


*/s/ Oliver J. Fong*
Oliver J. Fong


cc: All Counsel of Record (*via ECF*)

2