

October 30, 2020

**Via ECF**

The Honorable J. Paul Oetken
United States District Court for the Southern District of New York
40 Foley Square, Room 2101
New York, New York 10007

**RE:** *Lavvan, Inc. v. Amyris, Inc.*, No. 20-cv-7386 (S.D.N.Y.)

Dear Judge Oetken:

I write on behalf of Plaintiff, Lavvan, Inc. ("Lavvan"), to request permission to file a redacted memorandum of law (the "Memorandum") in opposition to the Motion to Compel Arbitration or, in the Alternative, to Dismiss for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6), filed by the Defendant, Amyris, Inc. ("Amyris").

Lavvan respectfully requests that certain information relating to arbitration between the parties be redacted. Amyris has indicated that it believes such information is covered by the parties' confidentiality agreement and should be sealed. *See* Dkt. 16 at 1.[1] Thus, out of an abundance of caution, Lavvan seeks to redact such information from the Memorandum, at least temporarily. *Cf. Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 464 (S.D.N.Y. 2017) (plaintiff filed complaint under seal "'out of an abundance of caution' in light of a confidentiality provision in the parties' written agreement").

Lavvan does not, however, believe that such information may be permanently sealed under applicable law. Documents "filed in connection to a Motion to Compel Arbitration or Dismiss 'are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment.'" *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 166 (S.D.N.Y. 2018) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006)). Sealing of such documents is appropriate only if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to preserve that interest." *Aioi Nissay Dowa Ins. Co. Ltd. v. ProSight Specialty Mgmt. Co., Inc.*, 2012 WL 3583176, at *5 (S.D.N.Y. Aug. 21, 2012) (Oetken, J.) (quoting *Lugosch*, 435 F.3d at 120).

---

[1] Although Amyris also requested that this Court seal references "to portions of the unredacted version of Plaintiff's Complaint that Plaintiffs have designated as confidential and filed as redacted" (*id.* at 2), much of that material is no longer confidential because Amyris publicly disclosed it. With permission from Judge Liman, Lavvan had redacted portions of the Complaint that quoted the parties' Research, Collaboration and License Agreement ("RCLA"). *See* Dkt. 1. Lavvan sought to redact that material only temporarily, to give Amyris an opportunity to request permanent redaction. The day after Lavvan filed the Complaint, Amyris disclosed most of the RCLA in an SEC filing. (*See* Form 8-K for Amyris, Inc. (Sept. 11, 2020), available at https://www.sec.gov/Archives/edgar/data/1365916/000136591620000179/amrs-20200911.htm.)

Lavvan does not believe that permanent sealing is warranted here. Although Amyris asserts that information relating to arbitration between the parties should be sealed because (1) such information is covered by a confidentiality agreement, (2) sealing would promote the federal policy of encouraging arbitration, and (3) the relevant arbitration rules "offer the parties certain privacy guarantees" (Dkt. 16 at 1-2), none of those stated grounds warrants sealing.

A party's interest in preserving "bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Under Seal*, 273 F. Supp. 3d at 471; *see also Aioi Nissay*, 2012 WL 3583176, at *5 ("Courts in this District have held that 'the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access.'") (quoting *Alexandria Real Estate Equities, Inc. v. Fair*, 2011 WL 6015646, at *3 (S.D.N.Y. Nov. 30, 2011)). The presumption of access to judicial documents overcomes bargained-for confidentiality that arises from a contract between the parties or from the rules governing the parties' arbitration. *See Alexandria Real Estate*, 2011 WL 6015646, at *3 (rejecting argument that "documents should be sealed because the rules governing the arbitration established that the Award and arbitration proceedings would be confidential").

Nor is "the federal policy in favor of arbitration" sufficient to "overcome the presumption of public access." *Utica Mut. Ins. Co. v. R&Q Reinsurance Co.*, 2015 WL 13639179, at *2 (N.D.N.Y. Dec. 10, 2015). Instead, "district courts 'have consistently refused to seal the record' of arbitration proceedings, 'notwithstanding the existence of' any agreement regarding confidentiality." *SEC v. Ahmed*, 2020 WL 4333570, at *3 n.3 (D. Conn. July 28, 2020) (quoting *Aioi Nissay*, 2012 WL 3583176, at *6) (denying motion to seal arbitration complaint and related documents).

Accordingly, Lavvan believes that the information contained in its Memorandum should not be permanently sealed.

Respectfully submitted,

 /s/ Paul Fattaruso
Paul Fattaruso

cc:   All Counsel of Record (via ECF)