GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Oliver J. Fong
Direct: +1 212.351.6373
Fax: +1 212.817.9573
OFong@gibsondunn.com

November 13, 2020

VIA ECF

The Honorable J. Paul Oetken
United States District Court for the Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

Re:     *Lavvan, Inc. v. Amyris, Inc.*, No. 20-cv-07386 (JPO)

Dear Judge Oetken:

I write on behalf of Defendant Amyris, Inc. ("Amyris") in the above-referenced matter to request permission to file under seal a Reply Brief (the "Reply") in support of Amyris's Motion to Compel Arbitration or Motion to Dismiss under 12(b)(6) (the "Motion to Compel Arbitration"). As the Court previously granted Amyris's Letter Motion to Seal its Memorandum of Law, Declaration, and Exhibits in support of its Motion to Compel Arbitration, (Dkt. 22), Amyris does not believe this request should be controversial.

In March 2019, Amyris and Lavvan entered into a Research, Collaboration and License Agreement (the "RCLA"), an agreement in which Lavvan would pay Amyris up to $300 million in milestone payments for the development of certain designated biosynthetic cannabinoids. Under the RCLA, the parties agreed that any information regarding any arbitration between the two parties as to their partnership would be confidential. Thus, because Amyris intends that the Reply will contain detailed information concerning arbitration between the parties, it requests permission to file the Reply under seal.

The presumption of public access to judicial documents is subject to multiple, well-recognized exceptions designed to protect the type of information at issue here. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In determining whether a party has overcome the presumption of public access, courts weigh the presumption of access against factors that outweigh disclosure. *See United States v. Amodeo*, 44 F.3d 141, 146–47 (2d Cir. 1995); *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). The presumption may be overcome "to preserve higher values" provided that "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Balanced against public access here are the parties' privacy interests in confidentiality, the harm that will result to the parties from disclosure, and the federal policy to promote arbitration.

*First,* there is a "strong public interest in preserving the confidentiality of arbitration proceedings." *Vedder Price P.C. v. US Capital Partners, LLC*, 2019 WL 1986737, at *3 (S.D.N.Y. May 6, 2019) (Oetken, J.) (internal citation omitted). Federal policy, as evidenced by the enactment of the Alternative Dispute Resolution Act of 1998 and the Federal Arbitration Act, favors arbitration. *JLM Industries, Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 171 (2d Cir. 2004) (citing *Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d

Cir. 2001)); *Fields D'Arpino v. Restaurant Associates, Inc.*, 39 F.Supp. 2d 412, 417-418 (S.D.N.Y. 1999).  Thus, protecting confidentiality agreements, such as the one between Amyris and Lavvan, promotes federal policy and encourages arbitration by ensuring that parties in an arbitration proceeding get the protections for which they contracted.

*Second*, in agreeing to the RCLA, the parties incorporated the Arbitration Rules of the International Chamber of Commerce (the "ICC Rules"), which offer the parties certain privacy guarantees.  This Court recognizes that "an expectation of confidentiality in a given document can justify maintaining under seal the document's precise terms on matters that have no effect on the adjudication in which it is introduced." *Vedder Price P.C.*, 2019 WL 1986737, at *3 (Oetken, J.) (quoting *Guzik v. Albright*, 2018 WL 6011612, at *3 (S.D.N.Y. Nov. 16, 2018) (internal citation and quotation marks omitted)).  Indeed, Article 6 of Appendix I of the ICC Rules states that "[t]he work of the Court is of a confidential nature which must be respected by everyone who participates in that work in whatever capacity."  Article 6, ICC Rules Appendix I.

The contents of the document at issue that relate to arbitration between the parties are relevant to this litigation only insofar as they inform the defenses Amyris raises against Lavvan's claims.  They are otherwise not probative of these matters.  This Court should conclude that the parties are entitled to expect that the agreed-upon arbitration will remain confidential. *Vedder Price P.C.*, 2019 WL 1986737, at *3.  ("When [the parties] chose to pursue [ICC] arbitration, in other words, they invoked a procedure that offered the parties certain privacy guarantees.  The Court will not lightly disregard those guarantees[.])"  Accordingly, Amyris respectfully requests leave of this Court to file under permanent seal portions of its Reply that refer to any arbitration between the parties.

Respectfully submitted,

*/s/ Oliver J. Fong*
Oliver J. Fong


cc: All Counsel of Record (*via ECF*)