

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thuragood Marshall United State Courthouse
40 Foley Square, Room 415
New York, New York 10007

April 2, 2021

**By ECF**

Re:   *Lavvan, Inc. v. Amyris Inc., No. 20-cv-07386 (JPO)*

Dear Judge Oetken:

In accordance with the Court's Individual Practices Rule III.A, we write on behalf of Roche Freedman LLP (the "Firm"), formerly Roche Cyrulnik Freedman LLP, to respectfully request a pre-motion conference to discuss the Firm's anticipated motion to withdraw as counsel for Plaintiff Lavvan, Inc.

Pursuant to Southern District of New York Local Rule 1.4, an attorney of record may withdraw by order of the Court, which may be granted upon a showing of "satisfactory reasons" for the withdrawal and "the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien."  In considering a motion to withdraw pursuant to Local Rule 1.4, the court must also consider "the posture of the case," and whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (quotation and citation omitted).

The Firm respectfully submits it has good cause to withdraw in light of the fact that the client has terminated the firm's representation and continues to be represented by Jason Cyrulnik and Paul Fattaruso of Cyrulnik Fattarusso LLP. *See* N.Y. R. Prof. Cond. 1.16(b)(3) and 1.16(c)(7); *see also Hallmark Capital Corp. v. Red Rose Collection,* No. 96 Civ. 2839, 1997 WL 661146, at *3 (S.D.N.Y. Oct. 21, 1997); *United States v. Parker*, 439 F.3d 81,104 (2d Cir. 2006) (*quoting McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990).  Although we understand that Lavvan consents to the Firm's withdrawal, to date, it has not returned a signed consent to change attorney form despite multiple requests.  Other reasons support withdrawal at this time as well.

The fact that both Mr. Cyrulnik (who was lead counsel on this matter prior to his departure from the Firm) and Mr. Fattaruso (who is also familiar with this matter) will be staying on as counsel of record means that the Firm's withdrawal will not disrupt the prosecution of the suit. Finally, the Firm does not intend to assert a retaining or charging lien in connection with its withdrawal motion.

In order to protect Lavvan's confidential information and consistent with the Firm's ethical obligations, we respectfully request permission to provide any additional information the Court may need about the Firm's grounds for withdrawal *ex parte* and under seal.  Because the Firm's

Honorable J. Paul Oetken
April 2, 2021

anticipated motion to withdraw will be limited to matters relating to the Firm's attorney-client relationship with Lavvan and its reasons for withdrawal, it does not implicate the other parties' interests in this litigation. The Firm therefore respectfully requests that to the extent the Court could like a supporting declaration, it be permitted to file it under seal, and that it be provided only to the Court and Lavvan.

Respectfully,

*/s/ Kyle Roche*
Kyle Roche
ROCHE FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
(646) 970-7509
kyle@rcfllp.com

*Counsel for Plaintiff*

cc: Counsel of record (by e-filing)