**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Brian Rosenthal
Direct: +1 212.351.2339
Fax: +1 212.817.9539
BRosenthal@gibsondunn.com

August 16, 2021

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

Re: *Lavvan, Inc. v. Amyris, Inc.,* No. 20-cv-07386 (JPO)
   Motion to Seal

Dear Judge Oetken:

I write on behalf of Defendant Amyris, Inc. ("Amyris") in the above-referenced matter to request permission to file under seal portions of Amyris's letter motion to stay this case pending the resolution of Amyris's appeal from this Court's order denying arbitration ("Motion to Stay").

In March 2019, Amyris and Plaintiff Lavvan, Inc. ("Lavvan") executed a Research, Collaboration, and License Agreement (the "RCLA"), in which Lavvan would pay Amyris up to $300 million in milestone payments for the development of biosynthetic cannabinoids, and certain royalty payments based on Lavvan's commercial sales of such cannabinoids. Under the RCLA, the parties agreed to keep confidential the terms of the RCLA, and all information regarding any arbitration proceedings between the parties. *See* RCLA §§ 1.39, 7.1.1(e), 8, Dkt. 2-1. Amyris's Motion to Stay will refer to confidential portions of the RCLA and details of the ongoing arbitration proceedings between the parties.

Although there is a presumption of public access to judicial documents, that presumption is subject to multiple, well-recognized exceptions designed to protect the type of information at issue here. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In determining whether a party has overcome the presumption of public access, courts weigh the presumption of access against competing considerations. *See United States v. Amodeo*, 44 F.3d 141, 146–47 (2d Cir. 1995); *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). The presumption may be overcome "to preserve higher values" provided that "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Balanced against public access here are the parties' privacy interests in confidentiality, the harm that will result to the parties from disclosure, and the federal policy to promote arbitration.

**GIBSON DUNN**

The Honorable J. Paul Oetken
August 16, 2021
Page 2

*First,* there is a "strong public interest in preserving the confidentiality of arbitration proceedings." *Vedder Price P.C. v. US Capital Partners, LLC*, 2019 WL 1986737, at *3 (S.D.N.Y. May 6, 2019) (Oetken, J.) (internal citation omitted).  Federal policy, as evidenced by the enactment of the Alternative Dispute Resolution Act of 1998 and the Federal Arbitration Act, favors arbitration. *JLM Industries, Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 171 (2d Cir. 2004) (citing *Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001)); *Fields D'Arpino v. Restaurant Associates, Inc.*, 39 F.Supp. 2d 412, 417-418 (S.D.N.Y. 1999).  Thus, protecting confidentiality agreements, such as the one between Amyris and Lavvan, promotes federal policy and encourages arbitration by ensuring that parties in an arbitration proceeding get the protections for which they contracted.

*Second*, in entering into the RCLA, the parties incorporated the Arbitration Rules of the International Chamber of Commerce (the "ICC Rules"), which offer the parties certain privacy guarantees.  This Court recognizes that "an expectation of confidentiality in a given document can justify maintaining under seal the document's precise terms on matters that have no effect on the adjudication in which it is introduced." *Vedder Price P.C.*, 2019 WL 1986737, at *3 (Oetken, J.) (quoting *Guzik v. Albright*, 2018 WL 6011612, at *3 (S.D.N.Y. Nov. 16, 2018) (internal citation and quotation marks omitted)).  Indeed, Article 6 of Appendix I of the ICC Rules states that "[t]he work of the Court is of a confidential nature which must be respected by everyone who participates in that work in whatever capacity."  Article 6, ICC Rules Appendix I.  The proposed redacted portions of Amyris's Motion to Stay relate to the arbitration proceedings between the parties and are relevant to this litigation only insofar as they inform Amyris's arguments set forth in its Motion to Stay; they do not affect the merits of the claims asserted in this case.

*Third*, Amyris's proposed redactions are narrowly tailored to protect the parties' confidentiality interest in the RCLA and the arbitration proceedings.  This Court previously granted Amyris's motions to seal materials related to the arbitration and RCLA.  *See* Dkt. Nos. 16, 22, 34, 37.

For the foregoing reasons, Amyris respectfully requests leave of this Court to file under seal portions of its Motion to Stay that refer to the confidential provisions of the RCLA and the ongoing arbitration proceedings.

Respectfully submitted,


*/s/ Brian A. Rosenthal*
Brian A. Rosenthal


cc:  All Counsel of Record (Via ECF)