**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Brian Rosenthal
Direct: +1 212.351.2339
Fax: +1 212.817.9539
BRosenthal@gibsondunn.com

August 16, 2021

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Lavvan, Inc. v. Amyris, Inc.*, No. 20-cv-07386 (JPO)
      Motion for Stay Pending Appeal

Dear Judge Oetken:

We are attorneys for Defendant Amyris, Inc. ("Amyris") in the above-referenced action. On July 27, 2021, Amyris filed a timely notice of appeal (Dkt. No. 43) from this Court's Opinion and Order dated July 26, 2021 (Dkt. No. 42) denying Amyris's motion to compel arbitration and from any and all orders and rulings of the Court that were adverse to Amyris and appealable under the Federal Arbitration Act. We write to respectfully request a stay of the proceedings in this Court pending the outcome of Amyris's appeal.

In this case, a stay during the pendency of the appeal is particularly appropriate for several reasons. As the Supreme Court has explained, a court evaluating a stay request must focus on four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). And of the four factors, the first and second are the "most critical." *Id.* We respectfully submit that each of these factors is satisfied here.

Signifying the importance of the questions at issue here, in some federal circuits, a stay pending a non-frivolous appeal of an order denying arbitration is granted as a matter of right, and not as a matter of discretion. *See, e.g., Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) ("Upon motion, proceedings in the district court . . . should be stayed pending resolution of a non-frivolous appeal from the denial of a motion to compel arbitration."); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506-07 (7th Cir. 1997) ("The worst

**GIBSON DUNN**

The Honorable J. Paul Oetken
August 16, 2021
Page 2

possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced."). Although the Second Circuit has not gone as far, such requests are granted routinely in this District. In fact, district courts in this Circuit routinely stay proceedings pending appeal after denying motions to compel arbitration when the appeal is not frivolous and the moving party demonstrates that it would suffer irreparable harm absent a stay. *See e.g.*, *Meyer v. Kalanick*, 203 F. Supp. 3d 393, 395-96 (S.D.N.Y. 2016) (granting a motion to stay pending appeal even when the moving parties' arguments as to why they would prevail on appeal were "unpersuasive" and "materially premised on mischaracterizations of the [court's order]" but could not "fairly be said to be frivolous"); *Starke v. SquareTrade, Inc.*, 2017 WL 11504834, at *2 (E.D.N.Y. Dec. 15, 2017) (staying the proceedings when the court "unsurprisingly" disagreed that the appeal was likely to succeed, but the moving party nonetheless presented a "serious question" and would have been deprived of the favorable procedures available to it in arbitration absent a stay); *Zachman v. Hudson Valley Fed. Credit Union*, 2021 WL 1873235, at *1-2 (S.D.N.Y. May 10, 2021) (granting a motion to stay where the moving party did not demonstrate that it was likely to succeed on the merits of its appeal, but raised serious questions and the balance of hardships tipped decidedly in its favor).

As to the first factor, Amyris is likely to succeed on the merits as the simultaneous litigation of multiple identical legal issues in two forums creates a risk of inconsistent rulings and conflicting obligations. The Second Circuit has held that this factor is satisfied where a movant shows that "there are 'serious questions' going to the merits of the dispute and the balance of hardships tips 'decidedly' in the movant's favor." *Zachman*, 2021 WL 1873235, at *1 (citing *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35-38 (2d Cir. 2010)). To meet this standard, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the moving party] will suffer absent the stay. Simply stated, more of one excuses less of the other." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (internal quotations and citation omitted). This "serious question" standard permits a district court to grant a stay where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the stay. *Zachman*, 2021 WL 1873235, at *1.

Here, there are "serious questions" going to the merits of Amyris's appeal and Amyris can demonstrate that it would suffer irreparable injury if this case moves forward. Amyris is being sued in this case for allegedly *infringing its own patents*. Lavvan's claim is thus inherently dependent on the scope of the license that Lavvan obtained pursuant to the agreement between the parties; this Court will necessarily be required to determine whether Lavvan has the right to prevent

**GIBSON DUNN**

The Honorable J. Paul Oetken
August 16, 2021
Page 3

Amyris from using its own intellectual property.[1] The scope of that license is the precise issue at the heart of the ongoing arbitration. ███████████████████████████████████████ Thus, ███████, is determinative of Lavvan's alleged rights to Amyris's intellectual property at issue in this matter. There is a risk that the two tribunals will reach conflicting conclusions on that central issue and subject Amyris to conflicting legal obligations, potentially placing it in the untenable position of violating the orders of one or the other.

The dependence of Lavvan's claims on the interpretation of the RCLA is clear from the complaint, where Lavvan has taken its existing contractual claims—properly before the arbitral tribunal—and repackaged them as "intellectual property" disputes for the sole purpose of presenting them in this Court. With no details as to which products allegedly infringe or even how they might infringe any particular patent, Lavvan's complaint merely lists almost two dozen of *Amyris's patents* and claims that under the RCLA, Lavvan now has exclusive rights to them, and Amyris allegedly must infringe some or all of them. Similarly, Lavvan's trade secret misappropriation claim expressly depends upon a breach of contract finding. *See* Compl. ¶ 231 ("Amyris used improper means to acquire knowledge of the trade secrets by failing to abide by the RCL Agreement's confidentiality and other provisions.").

Moreover, Amyris believes that there is a substantial question as to whether the parties clearly and unmistakably delegated questions of arbitrability to the arbitral tribunal. There is no dispute that the parties entered into a valid arbitration agreement. Section 7.1.1 of the RCLA, contains a broadly worded "Arbitration" agreement, providing that "*[a]ll disputes* that cannot be resolved by the management of both Parties . . . will be finally settled under the Rules of Arbitration of the International Chamber of Commerce (the 'ICC Rules') by an arbitration tribunal appointed in accordance with the said ICC Rules as modified hereby . . . ." (emphasis added). In fact, there are ongoing parallel ICC arbitration proceedings before an arbitral tribunal that Lavvan initiated in August 2020 – *before* filing this lawsuit.

By electing to submit to ICC arbitration, the parties agreed that all disputes "concerning the . . . scope of the arbitration agreement" and "any question of jurisdiction . . . shall be decided directly by the arbitral tribunal." *See* Article 6.2, 2017 ICC Rules. The Second Circuit has ruled

---

[1] On March 19, 2019, Amyris and Plaintiff Lavvan, Inc. ("Lavvan") executed a Research, Collaboration and License Agreement (Dkt. No. 2-1, Ex. A, the "RCLA"), in which Lavvan would pay Amyris up to $300 million in milestone payments for the development of certain designated biosynthetic cannabinoids, and certain royalty payments based on Lavvan's commercial sales of such cannabinoids. The RCLA includes an arbitration provision. RCLA § 7.1.1.

**GIBSON DUNN**

The Honorable J. Paul Oetken
August 16, 2021
Page 4

that the invocation of the ICC Rules in broad arbitration agreements constitutes clear and unmistakable evidence of the parties' intent to delegate the question of arbitrability to the arbitrator. *See Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 124-25 (2d Cir. 2003). Thus, whether Lavvan's claims in this action fall within the scope of arbitration is a question for the arbitral tribunal, not this Court.

As to the second factor informing whether a case should be stayed pending appeal, Amyris will be irreparably harmed if a stay is not granted. As noted above, Lavvan's purported rights to the intellectual property at issue in this matter exist only by operation of the RCLA. Specifically, all of the asserted patents and most of the alleged trade secrets in this litigation are owned by Amyris. Put simply, to the extent that there are any intellectual property issues present, their metes and bounds are defined by certain provisions of the RCLA. The arbitral tribunal is set to interpret those same provisions ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Absent a stay, Amyris would be required to litigate the proper interpretation of the same contractual provisions in two forums—both before this Court and the arbitral tribunal.

Moreover, courts have recognized that by authorizing an interlocutory appeal from a denial of arbitration—under 9 U.S.C. § 16(a)(1)(B)—Congress has implied "a congressional determination that a wrongful denial of the right to have the case sent promptly to arbitration is a harm that cannot be adequately remedied by an appeal at the end of the case." *Meyer*, 203 F. Supp. 3d at 396. Resolving disputes by arbitration is a valuable right, and allowing the court proceeding to go forward will indisputably deprive Amyris of that right. Thus, the second factor weighs heavily in favor of a stay.

As to the third factor, Lavvan will not be substantially harmed if a stay is granted. Congress has determined that "the potential harm to a party whose motion to compel arbitration was denied is greater than the harm a stay would cause to the non-movant." *Meyer*, 203 F. Supp. 3d at 396. Any interest Lavvan might have in the quick resolution of this case is mitigated by the fact that a nearly identical dispute is currently being litigated before the arbitral tribunal, in which Lavvan seeks nearly identical damages. *See* Dkt. No. 18-3. Indeed, as Lavvan knows, Amyris has repeatedly offered to have these claims heard in the arbitral forum. Lavvan is at no risk of being denied a hearing.

Finally, the "national policy favoring arbitration when the parties contract for that mode of dispute resolution" *Preston v. Ferrer*, 552 U.S. 346, 349 (2008), and the congressional declaration of "'a liberal federal policy favoring arbitration agreements,'" *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460

GIBSON DUNN

The Honorable J. Paul Oetken
August 16, 2021
Page 5


U.S. 1, 24 (1983)), weigh strongly in favor of a stay.  A stay will advance the public interest in arbitration by ensuring that Amyris is not required to litigate this case unless and until the Second Circuit resolves the pending appeal in Lavvan's favor.  A stay would also favor the public's interest in judicial economy.  *Zachman*, 2021 WL 1873235, at *2.  It would be a waste of this Court's time and resources to prepare this case for trial and to possibly try it only to later learn from the Second Circuit that it was not the proper forum to hear the case.

For the foregoing reasons, Amyris respectfully requests a stay of the proceedings pending its appeal of this Court's order denying arbitration.

Respectfully Submitted,


*/s/ Brian A. Rosenthal*
Brian A. Rosenthal



cc:     All Counsel of Record (Via ECF)