## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAVVAN, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>AMYRIS, INC.,<br><br>                    Defendant. | No. 20-cv-07386 (JPO)<br><br>**JURY TRIAL DEMANDED** |

## ANSWER OF DEFENDANT AMYRIS, INC. TO THE COMPLAINT

Defendant Amyris, Inc. ("Amyris") by its undersigned attorneys, for its Answer to the Complaint (the "Complaint") of Lavvan, Inc. ("Plaintiff" or "Lavvan"), states as follows:

## GENERAL DENIAL

Except as otherwise expressly admitted herein, Amyris denies each and every allegation contained in the Complaint, including, without limitation, any allegations contained in the preamble or headings of the Complaint, and specifically denies any liability to Plaintiff. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, allegations in the Complaint to which no responsive pleading is required shall be deemed as denied.  Amyris expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## ANSWER TO SPECIFIC ALLEGATIONS IN PLAINTIFF'S COMPLAINT

AND NOW, incorporating the foregoing, Amyris states as follows in response to the specific allegations in the Complaint:

## ANSWER TO "INTRODUCTION" ALLEGATIONS

1. To the extent the allegations in Paragraph 1 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 1.

2. To the extent the allegations in Paragraph 2 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 2.

3. To the extent the allegations in Paragraph 3 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 3.

4. To the extent the allegations in Paragraph 4 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 4.

5. To the extent the allegations in Paragraph 5 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 5.

6. To the extent the allegations in Paragraph 6 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 6.

7. To the extent the allegations in Paragraph 7 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 7.

## ANSWER TO "CASE OVERVIEW" ALLEGATIONS

8.     To the extent the allegations in Paragraph 8 state legal conclusions, no response is required.  Amyris admits that Lavvan and Amyris entered into a Research, Collaboration and License Agreement in March 2019, and subsequent written amendments of the Research, Collaboration and License Agreement, effective May 20, 2019, and March 11, 2020 (collectively, the "RCLA").  The terms and conditions of the RCLA are set forth in such agreement, and the document speaks for itself.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 8.

9.     To the extent the allegations in Paragraph 9 state legal conclusions, no response is required.  Paragraph 9 purports to characterize a document that speaks for itself, and on that basis Amyris denies the allegations in Paragraph 9.

10.     To the extent the allegations in Paragraph 10 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 10.

11.     To the extent the allegations in Paragraph 11 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 11.

12.     To the extent the allegations in Paragraph 12 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 12.

13.     To the extent the allegations in Paragraph 13 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 13.

14.     To the extent the allegations in Paragraph 14 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 14.

15.     To the extent the allegations in Paragraph 15 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 15.

16.     To the extent the allegations in Paragraph 16 state legal conclusions, no response is required.  Amyris denies Lavvan's contention that "Amyris did not have familiarity with the cannabis industry."  With respect to Lavvan's motivations, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the remaining allegations in Paragraph 16, and on that basis denies them.  To the extent any further response is required, Amyris denies each and every remaining allegation in Paragraph 16.

17.     To the extent the allegations in Paragraph 17 state legal conclusions, no response is required.  Amyris admits that Amyris filed a 2018 Form 10-K, and that the document speaks for itself.  To the extent that Lavvan purports to quote statements made in Amyris's 2018 Form 10-K, Amyris denies that such quotations fully or accurately reflect the content of that 2018 Form 10-K, and respectfully refers the Court to the 2018 Form 10-K itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 17.

18.     To the extent the allegations in Paragraph 18 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 18.

19.     To the extent the allegations in Paragraph 19 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 19.

20.     To the extent the allegations in Paragraph 20 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 20.

21.     To the extent the allegations in Paragraph 21 state legal conclusions, no response is required.  Amyris denies that Amyris is "capturing all the goodwill associated with working on the cutting-edge of the field without giving Lavvan its due."  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 21

22.     To the extent the allegations in Paragraph 22 state legal conclusions, no response is required.  Paragraph 22 purports to characterize a document that speaks for itself.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 22.

23.     To the extent the allegations in Paragraph 23 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 23.

24.     To the extent the allegations in Paragraph 24 state legal conclusions, no response is required.  Amyris admits that Lavvan sent Amyris a letter on April 22, 2020.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 24.

25.     To the extent the allegations in Paragraph 25 state legal conclusions, no response is required.  Paragraph 25 purports to characterize a document that speaks for itself.  To the

extent a response is required, Amyris denies each and every remaining allegation in Paragraph 25.

## ANSWER TO THE "PARTIES" ALLEGATIONS

26.     Amyris lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies those allegations, except to admit that Plaintiff is a Delaware corporation with its principal place of business in New York, New York, and offices in Toronto, Ontario, incorporated in 2019.

27.     Amyris admits that it is a Delaware corporation with its principal place of business in Emeryville, California and that it is a publicly traded company.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 27.

## ANSWER TO THE "JURISDICTION AND VENUE" ALLEGATIONS

28.     Paragraph 28 contains allegations of jurisdiction and legal conclusions to which no response is required.

29.     Paragraph 29 contains allegations of venue and legal conclusions to which no response is required. To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of that document, and respectfully refers the Court to the RCLA itself for a complete and accurate description of its content.  Amyris denies each and every remaining allegation in Paragraph 29.

30.     Paragraph 30 (including footnote 4) contains allegations of venue and legal conclusions to which no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 30.

31.     Paragraph 31 contains allegations of jurisdiction and legal conclusions to which no

response is required.  To the extent a response is required, Amyris denies each and every

allegation in Paragraph 31.

## ANSWER TO THE "FACTUAL ALLEGATIONS: CANNABINOID PRODUCTION" ALLEGATIONS

32.     To the extent that paragraph 32 merely provides background scientific and industry

information, no response is required.  However, Amyris denies any characterization of

facts by Lavvan.  Amyris denies any remaining allegations in paragraph 32.

33.     To the extent that paragraph 33 merely provides background scientific and industry

information, no response is required.  However, Amyris denies any characterization of

facts by Lavvan.  Amyris denies any remaining allegations in paragraph 33.

34.     To the extent that paragraph 34 merely provides background scientific and industry

information, no response is required.  However, Amyris denies any characterization of

facts by Lavvan.  Amyris denies any remaining allegations in paragraph 34.

35.     To the extent that paragraph 35 merely provides background scientific and industry

information, no response is required.  However, Amyris denies any characterization of

facts by Lavvan.  Amyris denies any remaining allegations in paragraph 35.

36.     To the extent that paragraph 36 merely provides background scientific and industry

information, no response is required.  However, Amyris denies any characterization of

facts by Lavvan.  To the extent the allegations in Paragraph 36 state legal conclusions, no

response is required.  To the extent a response is required, Amyris denies the remaining

allegations in Paragraph 36.

37.   To the extent that paragraph 37 merely provides background scientific and industry information, no response is required.  However, Amyris denies any characterization of facts by Lavvan.  Amyris denies any remaining allegations in paragraph 37.

38.   To the extent that paragraph 38 merely provides background scientific and industry information, no response is required.  However, Amyris denies any characterization of facts by Lavvan.  Amyris denies any remaining allegations in paragraph 38.

39.   To the extent that paragraph 39 merely provides background scientific information, no response is required.  However, Amyris denies any characterization of facts by Lavvan.  Amyris admits that it is a biotechnology company.  Amyris admits that it has used yeast fermentation to produce certain molecules.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 39.

40.   To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegations in Paragraph 40, and on that basis denies them.

41.   To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegations in Paragraph 41, and on that basis denies them.

## ANSWER TO THE "FACTUAL ALLEGATIONS: LAVVAN REACHES OUT TO AMYRIS" ALLEGATIONS

42.   Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegations in Paragraph 42, and on that basis denies them.

43.   Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegations in Paragraph 43, and on that basis denies them.

44.     To the extent the allegations in Paragraph 44 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 44.

45.     To the extent the allegations in Paragraph 45 state legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegations that "Lavvan saw strong benefits to the collaboration it had envisioned and proposed" and "Lavvan believed that Amyris's experience and technological head start would enable Lavvan to bring the first biosynthetic cannabinoids to market at scale and reap significant profits[,]" and on that basis denies them.  Amyris denies each and every remaining allegation in Paragraph 45.

46.     To the extent the allegations in Paragraph 46 state legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegations in Paragraph 46, and on that basis denies them.

47.     To the extent the allegations in Paragraph 47 state legal conclusions, no response is required.  Amyris admits that Amyris and Lavvan engaged in negotiations in December of 2018.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 47.

48.     To the extent the allegations in Paragraph 48 state legal conclusions, no response is required.  Lavvan purports to characterize a document that speaks for itself, and Amyris denies Lavvan's characterization.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the remaining allegations in Paragraph 48, except that Amyris denies that "the decision-making rights

9

Lavvan negotiated and secured for itself—as well as the exclusive intellectual property licenses that Lavvan obtained from Amyris—were designed to ensure that Lavvan would determine when a cannabinoid molecule should be produced commercially."

49.     To the extent the allegations in Paragraph 49 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 49.

50.     To the extent the allegations in Paragraph 50 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 50.

51.     To the extent the allegations in Paragraph 51 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 51.

52.     To the extent the allegations in Paragraph 52 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 52.

53.     Amyris admits there is a February 5, 2019 press release, and that the document speaks for itself.  To the extent that Lavvan purports to quote statements made in the February 5, 2019 press release, Amyris denies that such quotations fully or accurately reflect the content of that press release, and respectfully refers the Court to the press release itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 53.

54.     Amyris admits that Amyris's stock closed at $5.47 on February 5, 2019.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 54.

55. To the extent the allegations in Paragraph 55 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 55.

56. To the extent the allegations in Paragraph 56 state legal conclusions, no response is required. Amyris admits that it issued a press release on March 18, 2019, and that the document speaks for itself. To the extent that Lavvan purports to characterize the March 18, 2019 press release, Amyris denies that such characterizations fully or accurately reflect the content of that press release, and respectfully refers the Court to the press release itself for a complete and accurate description of its content. Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 56.

## ANSWER TO THE "FACTUAL ALLEGATIONS: RESEARCH, COLLABORATION AND LICENSE AGREEMENT" ALLEGATIONS

57. Amyris admits that on March 19, 2019, Amyris and Lavvan executed the RCLA. Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 57.

58. Paragraph 58 purports to characterize a document that speaks for itself. To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content. Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 58.

59. To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content.

11

Paragraph 59 purports to characterize a document that speaks for itself, and on that basis Amyris denies each and every allegation in Paragraph 59.

60.     To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content.  Paragraph 60 purports to characterize a document that speaks for itself, and on that basis Amyris denies each and every allegation in Paragraph 60.

61.     To the extent the allegations in Paragraph 61 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content.  Paragraph 61 purports to characterize a document that speaks for itself, and on that basis Amyris denies each and every allegation in Paragraph 61.

62.     To the extent the allegations in Paragraph 62 state legal conclusions, no response is required.   To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content.  Paragraph 62 purports to characterize a document that speaks for itself, and on that basis Amyris denies each and every allegation in Paragraph 62.

63.     To the extent the allegations in Paragraph 63 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description

of its content.  Paragraph 63 purports to characterize a document that speaks for itself, and on that basis Amyris denies each and every allegation in Paragraph 63.

64.     To the extent the allegations in Paragraph 64 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 64.

65.     To the extent the allegations in Paragraph 65 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content.  Paragraph 65 purports to characterize a document that speaks for itself, and on that basis Amyris denies each and every remaining allegation in Paragraph 65.

66.     To the extent the allegations in Paragraph 66 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 66.

67.     To the extent the allegations in Paragraph 67 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 67.

68.   To the extent the allegations in Paragraph 68 state legal conclusions, no response is required.  Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegations that "Lavvan wanted to ensure that its rights were not limited and that Amyris would not be permitted to manufacture or market cannabinoids or compete against Lavvan in any way[,]" and on that basis denies them.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 68.

69.   To the extent the allegations in Paragraph 69 state legal conclusions, no response is required.  To the extent that Lavvan is characterizing the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 69.

70.   To the extent the allegations in Paragraph 70 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 70.

71.   To the extent the allegations in Paragraph 71 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 71.

14

72.     To the extent the allegations in Paragraph 72 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 72.

73.     To the extent the allegations in Paragraph 73 state legal conclusions, no response is required.  Paragraph 73 purports to characterize a document that speaks for itself.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 73.

74.     To the extent the allegations in Paragraph 74 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 74.

75.     To the extent the allegations in Paragraph 75 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 75.

76.     To the extent the allegations in Paragraph 76 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in the RCLA, Amyris denies that such quotations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the document for a complete and accurate description of its content.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 76.

### ANSWER TO THE "FACTUAL ALLEGATIONS: LAVVAN'S UPFRONT $10 MILLION PAYMENT" ALLEGATIONS

77.     Amyris admits that Amyris filed a 2018 Form 10-K, and that the document speaks for itself.  To the extent that Lavvan purports to quote statements made in Amyris's 2018 Form 10-K, Amyris denies that such quotations fully or accurately reflect the content of that 2018 Form 10-K, and respectfully refers the Court to the 2018 Form 10-K itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 77.

78.     Amyris admits that Amyris issued a press release on March 18, 2019, and that the document speaks for itself.  To the extent that Lavvan purports to quote statements made in Amyris's press release issued on March 18, 2019, Amyris denies that such quotations fully or accurately reflect the content of that press release, and respectfully refers the Court to the press release issued on March 18, 2019, itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 78.

79.     Amyris admits that Amyris issued a press release on March 18, 2019, and that the document speaks for itself.  To the extent that Lavvan purports to quote statements made in Amyris's press release issued on March 18, 2019, Amyris denies that such quotations

fully or accurately reflect the content of that press release, and respectfully refers the Court to the press release issued on March 18, 2019, itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 79.

80.     Amyris admits that Amyris issued a press release on March 18, 2019, and that the document speaks for itself.  To the extent that Lavvan purports to quote statements made in Amyris's press release issued on March 18, 2019, Amyris denies that such quotations fully or accurately reflect the content of that press release, and respectfully refers the Court to the press release issued on March 18, 2019, itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 80.

81.     Amyris admits that Amyris hosted an earnings call on March 18, 2019, and that the transcript of such earnings call speaks for itself.  To the extent that Lavvan purports to quote statements made in Amyris's earnings call hosted on March 18, 2019, Amyris denies that such quotations fully or accurately reflect the content of that  earnings call, and respectfully refers the Court to the earnings call transcript itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 81.

82.     Amyris admits that Amyris issued a press release on March 29, 2019, and that such document speaks for itself.  To the extent that Lavvan purports to quote statements made in Amyris's press release issued on March 29, 2019, Amyris denies that such quotations fully or accurately reflect the content of that press release, and respectfully refers the Court to the press release issued on March 29, 2019, itself for a complete and accurate

description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 82.

83.     Paragraph 83 purports to characterize a document that speaks for itself, and on that basis Amyris denies each and every allegation in Paragraph 83.

84.     To the extent the allegations in Paragraph 84 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 84.

85.     To the extent the allegations in Paragraph 85 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 85.

86.     Amyris admits that Amyris issued a press release on May 20, 2019, and that such document speaks for itself.  To the extent that Lavvan purports to quote statements made in Amyris's press release issued on March 20, 2019, Amyris denies that such quotations fully or accurately reflect the content of that press release, and respectfully refers the Court to the press release issued on March 20, 2019, itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 86.

**ANSWER TO THE "FACTUAL ALLEGATIONS: LAVVAN BUILDS ITS EXPERT TEAM, FURTHER ENHANCING THE VALUE OF WHAT AMYRIS WAS RECEIVING UNDER THE RCL AGREEMENT" ALLEGATIONS**

87.     Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegations in Paragraph 87, and on that basis denies them.

88.     Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegations in Paragraph 88, and on that basis denies them.

89.    Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegations in Paragraph 89, and on that basis denies them.

90.    To the extent the allegations in Paragraph 90 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 90.

91.    To the extent the allegations in Paragraph 91 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 91.

92.    To the extent the allegations in Paragraph 92 state legal conclusions, no response is required.  Amyris admits that CBG is a naturally occurring cannabinoid in hemp plants. Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 92.

93.    Amyris denies each and every remaining allegation in Paragraph 93.

### ANSWER TO THE "FACTUAL ALLEGATIONS: AMYRIS REVEALS THAT IT HAS "SELLER'S REMORSE" AND TRANSFORMS FROM WILLING PARTNER TO COMBATANT" ALLEGATIONS

94.    Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegation that on August 6, 2019, Lavvan's CEO Neil Closner traveled to New York, New York.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 94.

95.    To the extent the allegations in Paragraph 95 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 95.

96.   To the extent the allegations in Paragraph 96 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 96.

97.   To the extent the allegations in Paragraph 97 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 97.

98.   To the extent the allegations in Paragraph 98 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 98.

99.   Amyris denies each and every allegation in Paragraph 99.

### ANSWER TO THE "FACTUAL ALLEGATIONS: AMYRIS MATERIALLY MISSTATES ITS PROGRESS UNDER THE RCL AGREEMENT AND MISLEADS THE MARKET" ALLEGATIONS

100.  To the extent the allegations in Paragraph 100 state legal conclusions, no response is required.  Amyris admits that it hosted an earnings call on August 5, 2019, and the transcript of that call speaks for itself.  To the extent that Lavvan purports to characterize or quote statements made in Amyris's August 5, 2019, earnings call, Amyris denies that such quotations or characterizations fully or accurately reflect the content of that call and respectfully refers the Court to the August 5, 2019, earnings call transcript itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 100.

101.  Amyris admits that it hosted an earnings call on October 2, 2019, and the transcript of that call speaks for itself.  To the extent that Lavvan purports to quote statements made in or characterize Amyris's October 2, 2019, earnings call, Amyris denies that such

quotations or characterizations fully or accurately reflect the content of that call and respectfully refers the Court to the October 2, 2019, earnings call transcript itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 101.

102.   Amyris admits that it hosted an earnings call on November 7, 2019, and the transcript of that call speaks for itself.  To the extent that Lavvan purports to characterize or quote statements made in Amyris's November 7, 2019, earnings call, Amyris denies that such quotations or characterizations fully or accurately reflect the content of that call and respectfully refers the Court to the November 7, 2019, earnings call transcript itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 102.

103.   To the extent the allegations in Paragraph 103 state legal conclusions, no response is required.  Paragraph 103 purports to characterize a document that speaks for itself.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 103.

104.   To the extent the allegations in Paragraph 104 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 104.

**ANSWER TO THE "FACTUAL ALLEGATIONS: BASED ON LAVVAN'S TRADE SECRETS, THE PARTIES AGREE TO COMMERCIALIZE CBG SIMULTANEOUSLY" ALLEGATIONS**

105.   To the extent the allegations in Paragraph 105 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 105.

21

106.    To the extent the allegations in Paragraph 106 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies that "Lavvan regularly shared key market information about various cannabinoid opportunities, including cannabinoid-by-cannabinoid commercialization and regulatory analyses" with Amyris. Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the remaining allegations in Paragraph 106 and on that basis denies them.

107.    To the extent the allegations in Paragraph 107 state legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegations in Paragraph 107 and on that basis denies them.

108.    To the extent the allegations in Paragraph 108 state legal conclusions, no response is required.  To the extent a response is required, Paragraph 108 purports to characterize a document that speaks for itself.  Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegations in Paragraph 108 that Lavvan had "market and regulatory trade secret knowledge[.]"  Amyris denies each and every remaining allegation in Paragraph 108.

109.    Amyris admits that there was a December 2019 Joint Steering Committee meeting. Regarding Lavvan's allegations as to why it agreed to move forward with CBG, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, these allegations and on that basis denies them.  Except as expressly admitted, Amyris denies the remaining allegations in Paragraph 109.

**ANSWER TO THE "FACTUAL ALLEGATIONS: AMYRIS MISREPRESENTS ITS ROLE, RIGHTS, AND PROGRESS UNDER THE RCL AGREEMENT" ALLEGATIONS**

110.    Amyris admits that there was a November 7, 2019, earnings call, and the transcript of that call speaks for itself.  To the extent that Lavvan purports to characterize or quote statements made in Amyris's November 7, 2019, earnings call, Amyris denies that such quotations or characterizations fully or accurately reflect the content of that call and respectfully refers the Court to the November 7, 2019, earnings call transcript itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies the allegations in Paragraph 110.

111.    Amyris admits that there was a November 7, 2019, earnings call, and the transcript of that call speaks for itself.  To the extent that Lavvan purports to characterize or quote statements made in Amyris's November 7, 2019, earnings call, Amyris denies that such quotations or characterizations fully or accurately reflect the content of that call and respectfully refers the Court to the November 7, 2019, earnings call transcript itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies the allegations in Paragraph 111.

112.    Amyris admits that there was a November 7, 2019, earnings call, and the transcript of that call speaks for itself.  To the extent that Lavvan purports to characterize or quote statements made in Amyris's November 7, 2019, earnings call, Amyris denies that such quotations or characterizations fully or accurately reflect the content of that call and respectfully refers the Court to the November 7, 2019, earnings call transcript itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies the allegations in Paragraph 112.

113.    Amyris admits that there was a November 7, 2019, earnings call, and the transcript of that call speaks for itself.  To the extent that Lavvan purports to quote statements made in Amyris's November 7, 2019, earnings call, Amyris denies that such quotations fully or accurately reflect the content of that call and respectfully refers the Court to the November 7, 2019, earnings call transcript itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies the allegations in Paragraph 113.

114.    To the extent the allegations in Paragraph 114 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in Amyris's Credit and Security Agreement filed on November 14, 2020 and Amyris's 2019 Form 10-K dated August 10, 2020, Amyris denies that such quotations fully or accurately reflect the content of that Credit and Security Agreement and 2019 Form 10-K, and respectfully refers the Court to the Credit and Security Agreement and 2019 Form 10-K themselves for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies the allegations in Paragraph 114.

115.    To the extent the allegations in Paragraph 115 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 115.

116.    To the extent the allegations in Paragraph 116 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 116.

117.   To the extent the allegations in Paragraph 117 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 117.

### ANSWER TO THE "FACTUAL ALLEGATIONS: AMYRIS CREATES A SCRAMBLE TO HIT ITS YEAR-END NUMBERS" ALLEGATIONS

118.   To the extent the allegations in Paragraph 118 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 118.

119.   To the extent the allegations in Paragraph 119 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 119.

120.   To the extent the allegations in Paragraph 120 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 120.

121.   To the extent the allegations in Paragraph 121 state legal conclusions, no response is required.  Amyris denies each and every remaining allegation in Paragraph 121.

122.   To the extent the allegations in Paragraph 122 state legal conclusions, no response is required.  Amyris denies each and every allegation in Paragraph 122.

123.   To the extent the allegations in Paragraph 123 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 123.

124.   To the extent the allegations in Paragraph 124 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 124.

125.    To the extent the allegations in Paragraph 125 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 125.

126.    To the extent the allegations in Paragraph 126 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in Amyris's Press Release dated December 27, 2019, Amyris denies that such quotations fully or accurately reflect the content of that Press Release, and respectfully refers the Court to the Press Release itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies the allegations in Paragraph 126.

127.    To the extent the allegations in Paragraph 127 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 127.

128.    To the extent the allegations in Paragraph 128 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 128.

129.    To the extent the allegations in Paragraph 129 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 129.

## ANSWER TO THE "FACTUAL ALLEGATIONS: FEBRUARY 23 AND MARCH 1, 2020, CALLS BETWEEN CLOSNER AND MELO" ALLEGATIONS

130.    To the extent the allegations in Paragraph 130 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 130.

131.    To the extent the allegations in Paragraph 131 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 131.

132.    To the extent the allegations in Paragraph 132 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 132.

133.    To the extent the allegations in Paragraph 133 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 133.

134.    To the extent the allegations in Paragraph 134 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 134.

135.    To the extent the allegations in Paragraph 135 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 135.

136.    To the extent the allegations in Paragraph 136 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 136.

137.    To the extent the allegations in Paragraph 137 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 137.

138.   To the extent the allegations in Paragraph 138 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 138.

139.   To the extent the allegations in Paragraph 139 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 139.

140.   To the extent the allegations in Paragraph 140 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 140.

## ANSWER TO THE "FACTUAL ALLEGATIONS: LAVVAN CONTRACTS WITH THE SELECTED MANUFACTURER FOR COMMERCIALIZATION, CONTINUES STAFFING UP" ALLEGATIONS

141.   To the extent the allegations in Paragraph 141 state legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the remaining allegations in Paragraph 141, and on that basis denies them.

142.   To the extent the allegations in Paragraph 142 state legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the remaining allegations in Paragraph 142, and on that basis denies them.

143.   To the extent the allegations in Paragraph 143 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 143.

144.    To the extent the allegations in Paragraph 144 state legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the remaining allegations in Paragraph 144, and on that basis denies them.

145.    To the extent the allegations in Paragraph 145 state legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the remaining allegations in Paragraph 145, and on that basis denies them.

146.    To the extent the allegations in Paragraph 146 state legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the remaining allegations in Paragraph 146, and on that basis denies them.

147.    To the extent the allegations in Paragraph 147 state legal conclusions, no response is required.  Amyris denies the allegation that Amyris assured Lavvan that "milestones would be met by February 2020" and that "Amyris was significantly further behind than Lavvan had been led to believe."  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the remaining allegations in Paragraph 147, and on that basis denies them.

**ANSWER TO THE "FACTUAL ALLEGATIONS: THE PARTIES AMEND THE RCL AGREEMENT TO DETER FURTHER PUBLIC MISSTATEMENTS AND ADJUST SPECIFICATIONS OF CANNABINOIDS" ALLEGATIONS**

148.    Amyris admits that on March 11, 2020, the parties executed Amendment No. 2 to the RCLA ("Amendment No. 2").  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 148.

149.  To the extent the allegations in Paragraph 149 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in Amendment No. 2, Amyris denies that such quotations fully or accurately reflect the content of that Amendment No. 2, and respectfully refers the Court to Amendment No. 2 itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies the allegations in Paragraph 149.

150.  To the extent the allegations in Paragraph 150 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in Amendment No. 2, Amyris denies that such quotations fully or accurately reflect the content of that Amendment No. 2, and respectfully refers the Court to the Amendment No. 2 itself for a complete and accurate description of its content. Except as expressly admitted, Amyris denies the allegations in Paragraph 150.

151.  To the extent the allegations in Paragraph 151 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in Amendment No. 2, Amyris denies that such quotations fully or accurately reflect the content of that Amendment No. 2, and respectfully refers the Court to Amendment No. 2 itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies the allegations in Paragraph 151.

**ANSWER TO THE "FACTUAL ALLEGATIONS: RELATIONS FURTHER DETERIORATE AS AMYRIS CONTINUES TO FALL BEHIND AND LAVVAN REFUSES TO LIE TO AMYRIS'S AUDITORS AND BANKERS" ALLEGATIONS**

152.  To the extent the allegations in Paragraph 152 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 152.

153.    To the extent the allegations in Paragraph 153 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 153.

154.    To the extent the allegations in Paragraph 154 state legal conclusions, no response is required.  Amyris admits that in mid-February 2020, Amyris hired a new CFO.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 154.

155.    To the extent the allegations in Paragraph 155 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 155.

156.    To the extent the allegations in Paragraph 156 state legal conclusions, no response is required.  Amyris admits that Amyris sent Lavvan a draft letter, addressed to Amyris's outside auditor, Macias Gini & O'Connell LLP.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 156.

157.    To the extent the allegations in Paragraph 157 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 157.

158.    To the extent the allegations in Paragraph 158 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in Amyris's press release dated March 6, 2020, Amyris denies that such quotations fully or accurately reflect the content of that press release, and respectfully refers the Court to Amyris's press release dated March 6, 2020, itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 158.

159.   To the extent the allegations in Paragraph 159 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 159.

160.   To the extent the allegations in Paragraph 160 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 160.

161.   To the extent the allegations in Paragraph 161 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 161.

162.   To the extent the allegations in Paragraph 162 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 162.

163.   To the extent the allegations in Paragraph 163 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 163.

164.   To the extent the allegations in Paragraph 164 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 164.

165.   To the extent the allegations in Paragraph 165 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 165.

**ANSWER TO THE "FACTUAL ALLEGATIONS: RELATIONS BADLY ERODE IN EARLY APRIL 2020, AND QUESTIONS ARISE REGARDING AMYRIS'S HANDLING OF CBG SAMPLES" ALLEGATIONS**

166. To the extent the allegations in Paragraph 166 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 166.

167. To the extent the allegations in Paragraph 167 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 167.

168. To the extent the allegations in Paragraph 168 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 168.

169. To the extent the allegations in Paragraph 169 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 169.

170. To the extent the allegations in Paragraph 170 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 170.

171. To the extent the allegations in Paragraph 171 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 171.

172. To the extent the allegations in Paragraph 172 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 172.

173.    To the extent the allegations in Paragraph 173 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 173.

**ANSWER TO THE "FACTUAL ALLEGATIONS: TENSIONS COME TO A HEAD AT THE JOINT STEERING COMMITTEE'S APRIL 2020 MEETING" ALLEGATIONS**

174.    To the extent the allegations in Paragraph 174 state legal conclusions, no response is required.  Amyris admits that on April 14, 2020, Amyris and Lavvan had a Joint Steering Committee meeting.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 174.

175.    To the extent the allegations in Paragraph 175 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 175.

176.    To the extent the allegations in Paragraph 176 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 176.

177.    To the extent the allegations in Paragraph 177 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 177.

178.    To the extent the allegations in Paragraph 178 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 178.

179.    To the extent the allegations in Paragraph 179 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 179.

180. To the extent the allegations in Paragraph 180 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 180.

181. To the extent the allegations in Paragraph 181 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 181.

182. To the extent the allegations in Paragraph 182 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every remaining allegation in Paragraph 182.

183. To the extent the allegations in Paragraph 183 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 183.

184. To the extent the allegations in Paragraph 184 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 184.

185. To the extent the allegations in Paragraph 185 state legal conclusions, no response is required. To the extent a response is required, Amyris admits that the parties exchanged drafts of meeting minutes in April 2020. Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 185.

186. To the extent the allegations in Paragraph 186 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 186.

187.   To the extent the allegations in Paragraph 187 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 187.

188.   To the extent the allegations in Paragraph 188 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 188.

189.   To the extent the allegations in Paragraph 189 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 189.

## ANSWER TO THE "FACTUAL ALLEGATIONS: LAVVAN NOTIFIES AMYRIS THAT AMYRIS IS IN BREACH OF THE RCL AGREEMENT" ALLEGATIONS

190.   To the extent the allegations in Paragraph 190 state legal conclusions, no response is required.  Amyris admits that on April 22, 2020, Lavvan CEO Closner sent a letter to Amyris General Counsel and Secretary Nicole Kelsey and Amyris CEO Melo, as well as each member of Amyris's Board of Directors.  To the extent that Lavvan purports to quote statements made in the April 22, 2020, letter, Amyris denies that such quotations fully or accurately reflect the content of that letter, and respectfully refers the Court to the letter itself for a complete and accurate description of its content. To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, whether the letter was sent with the unanimous approval of Lavvan's board.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 190.

191.   To the extent the allegations in Paragraph 191 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 191.

192.   To the extent the allegations in Paragraph 192 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 192.

193.   To the extent the allegations in Paragraph 193 state legal conclusions, no response is required.  Paragraph 193 purports to characterize a document that speaks for itself, and on that basis Amyris denies each and every allegation in Paragraph 193.

194.   To the extent the allegations in Paragraph 194 state legal conclusions, no response is required.  Paragraph 194 purports to characterize a document that speaks for itself, and on that basis Amyris denies each and every allegation in Paragraph 194.

195.   To the extent the allegations in Paragraph 195 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in an April 24, 2020 letter, Amyris denies that such quotations fully or accurately reflect the content of that letter, and respectfully refers the Court to the letter itself for a complete and accurate description of its content.  Paragraph 195 purports to characterize a document that speaks for itself, and on that basis Amyris denies each and every allegation in Paragraph 195.

196.   To the extent the allegations in Paragraph 196 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in the parties' RCLA, Amyris denies that such quotations fully or accurately reflect the content of that RCLA, and respectfully refers the Court to the RCLA itself for a complete and accurate

description of its content.  Amyris denies each and every remaining allegation in Paragraph 196.

197.   To the extent the allegations in Paragraph 197 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 197.

198.   To the extent the allegations in Paragraph 198 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 198.

199.   To the extent the allegations in Paragraph 199 state legal conclusions, no response is required.  To the extent a response is required, Amyris admits that it hosted an earnings call on May 8, 2020.  To the extent that Lavvan purports to quote statements made during the May 8, 2020, earnings call, Amyris denies that such quotations fully or accurately reflect the content of that call and respectfully refers the Court to the May 8, 2020, earnings call transcript itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 199.

200.   To the extent the allegations in Paragraph 200 state legal conclusions, no response is required.  Amyris admits that Lavvan wrote Amyris a letter on May 11, 2020.  Paragraph 200 purports to characterize a document that speaks for itself.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 200.

201.   To the extent the allegations in Paragraph 201 state legal conclusions, no response is required.  To the extent a response is required, Amyris admits it wrote a letter to Lavvan on June 17, 2020.  Paragraph 201 purports to characterize a document that speaks for

itself.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 201.

## ANSWER TO THE "FACTUAL ALLEGATIONS: AT ALL TIMES, LAVVAN TOOK REASONABLE EFFORTS TO PROTECT ITS TRADE SECRETS" ALLEGATIONS

202.   To the extent the allegations in Paragraph 202 state legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the remaining allegations in Paragraph 202, and on that basis denies them.

203.   To the extent the allegations in Paragraph 203 state legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the remaining allegations in Paragraph 203, and on that basis denies them.

204.   To the extent the allegations in Paragraph 204 state legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the remaining allegations in Paragraph 204, and on that basis denies them.

205.   To the extent the allegations in Paragraph 205 state legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the remaining allegations in Paragraph 205, and on that basis denies them.

## ANSWER TO THE "FACTUAL ALLEGATIONS: AMYRIS CONFIRMS IT IS COMMERCIALIZING CANNABINOIDS WITHOUT LAVVAN, VIOLATING LAVVAN'S TRADE SECRETS AND PATENTS" ALLEGATIONS

206.   To the extent the allegations in Paragraph 206 state legal conclusions, no response is required.  To the extent a response is required, Amyris admits it hosted an earnings call

39

on August 6, 2020.  To the extent that Lavvan purports to quote statements made during the August 6, 2020, earnings call, Amyris denies that such quotations fully or accurately reflect the content of that call and respectfully refers the Court to the August 6, 2020, earnings call transcript itself for a complete and accurate description of its content. Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 206.

207.   To the extent the allegations in Paragraph 207 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in Amyris's press release dated September 1, 2020, Amyris denies that such quotations fully or accurately reflect the content of that press release, and respectfully refers the Court to the press release itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies the allegations in Paragraph 207.

208.   To the extent the allegations in Paragraph 208 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 208.

209.   To the extent the allegations in Paragraph 209 state legal conclusions, no response is required.  Amyris admits that it issued a press release on September 1, 2020.  To the extent that Lavvan purports to quote statements made in the September 1, 2020, press release, Amyris denies that such quotations fully or accurately reflect the content of that press release, and respectfully refers the Court to the press release itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 209.

210.     To the extent the allegations in Paragraph 210 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote and characterize the RCLA, Amyris denies that such quotes and characterizations fully or accurately reflect the content of the RCLA, and respectfully refers the Court to the RCLA itself for a complete and accurate description of its content.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 210.

211.     To the extent the allegations in Paragraph 211 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in the press release dated September 1, 2020, Amyris denies that such quotations fully or accurately reflect the content of that press release, and respectfully refers the Court to the press release itself for a complete and accurate description of its content.  Except as expressly admitted, Amyris denies the allegations in Paragraph 211.

212.     To the extent the allegations in Paragraph 212 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made in the press release dated September 1, 2020, Amyris denies that such quotations fully or accurately reflect the content of that press release, and respectfully refers the Court to the press release itself for a complete and accurate description of its content.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 212.

213.     To the extent the allegations in Paragraph 213 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 213.

214.     To the extent the allegations in Paragraph 214 state legal conclusions, no response is required.  To the extent that Lavvan purports to quote statements made by Amyris,

Amyris denies that such quotations fully or accurately reflect the content of Amyris's statements.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 214.

**ANSWER TO THE "FACTUAL ALLEGATIONS: AMYRIS ALSO MISUSED THE TRADE SECRETS IT EXCLUSIVELY LICENSED TO LAVVAN" ALLEGATIONS**

215.   To the extent the allegations in Paragraph 215 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 215.

216.   To the extent the allegations in Paragraph 216 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 216.

217.   To the extent the allegations in Paragraph 217 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 217.

218.   To the extent the allegations in Paragraph 218 state legal conclusions, no response is required.  To the extent a response is required, Amyris admits that its trade secrets are "not generally known and have economic value."  Amyris admits that it protects its trade secrets.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 218.

219.   To the extent the allegations in Paragraph 219 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 219.

220.    To the extent the allegations in Paragraph 220 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 220.

### ANSWER TO THE "DAMAGES" ALLEGATIONS

221.    To the extent the allegations in Paragraph 221 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 221.

222.    To the extent the allegations in Paragraph 222 state legal conclusions, no response is required.  To the extent that Lavvan purports to characterize Amyris's November 7, 2019, earnings call, Amyris denies that such quotations or characterizations fully or accurately reflect the content of that call and respectfully refers the Court to the November 7, 2019, earnings call transcript itself for a complete and accurate description of its content.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 222.

223.    To the extent the allegations in Paragraph 223 state legal conclusions, no response is required.  Amyris admits that it hosted an August 6, 2020, earnings call and issued a September 1, 2020, press release.  To the extent that Lavvan purports to characterize Amyris's August 6, 2020, earnings call, or Amyris's September 1, 2020, press release, Amyris denies that such characterizations fully or accurately reflect the content of those documents.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 223.

224.    To the extent the allegations in Paragraph 224 state legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to

admit or deny, or to determine the truth of, the remaining allegations in Paragraph 224, and on that basis denies them.

225.   To the extent the allegations in Paragraph 225 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 225.

226.   To the extent the allegations in Paragraph 226 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 226.

## ANSWER TO THE "CAUSES OF ACTION: COUNT ONE – TRADE SECRET MISAPPROPRIATION UNDER THE DEFEND TRADE SECRETS ACT" ALLEGATIONS

227.   No response is required to this Paragraph, which incorporates prior allegations.  To the extent any other response is required, Amyris repeats and incorporates each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

228.   To the extent the allegations in Paragraph 228 state legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegations relating to Lavvan's alleged trade secrets in Paragraph 228, and on that basis denies them.  Amyris denies each and every remaining allegation in Paragraph 228.

229.   To the extent the allegation in Paragraph 229 states legal conclusions, no response is required.  To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegation in Paragraph 229, and on that basis denies it.

230. To the extent the allegations in Paragraph 230 state legal conclusions, no response is required. To the extent a response is required, Amyris lacks sufficient knowledge to admit or deny, or to determine the truth of, the allegations relating to Lavvan's alleged trade secrets in Paragraph 230, and on that basis denies them. Amyris admits that Amyris has trade secrets that derive independent economic value. Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 230.

231. To the extent the allegations in Paragraph 231 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 231.

232. To the extent the allegations in Paragraph 232 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 232.

233. To the extent the allegations in Paragraph 233 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 233.

234. To the extent the allegations in Paragraph 234 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 234.

235. To the extent the allegations in Paragraph 235 state legal conclusions, no response is required. To the extent a response is required, Amyris denies each and every allegation in Paragraph 235.

**ANSWER TO THE "CAUSES OF ACTION: COUNT TWO – PATENT INFRINGEMENT (35 U.S.C. § 271(a))" ALLEGATIONS**

236.  No response is required to this Paragraph, which incorporates prior allegations.  To the extent any other response is required, Amyris repeats and incorporates each and every response set forth in the foregoing Paragraphs as if fully set forth herein.

237.  Amyris admits that Amyris and Lavvan signed and executed the Research, Collaboration and License Agreement dated March 18, 2019, and that Amyris and Lavvan entered Amendment No. 1 thereto as of May 20, 2019 and Amendment No. 2 thereto as of March 11, 2020.

238.  To the extent the allegations in Paragraph 238 state legal conclusions, no response is required.  Amyris further responds that the terms of the RCLA speak for themselves and does not agree with any characterization of that Agreement or any sections thereof.  To the extent a response is required and to the extent the Complaint's characterizations of the RCLA conflict with the terms of the Agreement itself, Amyris denies each and every allegation in Paragraph 238.

239.  To the extent the allegations in Paragraph 239 state legal conclusions, no response is required.  Amyris further responds that the terms of RCLA speak for themselves and does not agree with any characterization of that Agreement or any sections thereof.  To the extent a response is required and to the extent the Complaint's characterizations of the RCLA conflict with the terms of the Agreement itself, Amyris denies each and every allegation in Paragraph 239.

240.  To the extent the allegations in Paragraph 240 state legal conclusions, no response is required.  Amyris further responds that the terms of the RCLA speak for themselves and does not agree with any characterization of that Agreement or any such sections thereof.

Amyris admits that it owns U.S. Patent Nos. 8,415,136; 8,603,800; 8,859,261; 9,914,941; 9,410, 214; 7,172,886; 7,667,017; 7,622,282; 7,736,882; 7,659,097; 9,200,296; 10,106,822; 9,765,363; 9,670,518. Amyris admits that it has an ownership interest in U.S. Patent Nos. 7,915,026; 8,288,147; 7,183,089; 7,670,825; 7,129,392; and 8,999,682. Amyris further responds that the listed patents speak for themselves and does not agree with any characterization of the patents that conflicts with the language of the patents themselves.  Except as expressly admitted, Amyris denies each and every remaining allegation in Paragraph 240.

241.    No response is required to Paragraph 241.

242.    To the extent the allegations in Paragraph 242 state legal conclusions, no response is required.  To the extent Amyris is practicing the accused patents, Amyris has the right to do so as the owner of the patents.  Amyris denies each and every remaining allegation in Paragraph 242.

243.    To the extent the allegations in Paragraph 243 state legal conclusions, no response is required.  To the extent Amyris is practicing the accused patents, Amyris has the right to do so as the owner of the patents.  Amyris denies each and every remaining allegation in Paragraph 243.

244.    To the extent the allegations in Paragraph 244 state legal conclusions, no response is required.  To the extent Amyris is practicing the accused patents, Amyris has the right to do so as the owner of the patents.  Amyris denies each and every remaining allegation in Paragraph 244.

245.    To the extent the allegations in Paragraph 245 state legal conclusions, no response is required.  To the extent Amyris is practicing the accused patents, Amyris has the right to

do so as the owner of the patents. Amyris denies each and every remaining allegation in Paragraph 245.

246.    To the extent the allegations in Paragraph 246 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 246.

247.    To the extent the allegations in Paragraph 247 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 247.

248.    To the extent the allegations in Paragraph 248 state legal conclusions, no response is required.  To the extent a response is required, Amyris denies each and every allegation in Paragraph 248.

## ANSWER TO PRAYER FOR RELIEF

Amyris denies that Plaintiff is entitled to relief against it, and Amyris requests that the Court dismiss all claims against it with prejudice and order such further relief as the Court deems just and proper.

## ANSWER TO DEMAND FOR JURY TRIAL

Amyris denies the allegations of Plaintiff's demand for a jury trial, except to admit that Plaintiff purports to demand a jury trial.

## AFFIRMATIVE DEFENSES

Amyris asserts the following affirmative defenses, without assuming the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiff.  In addition to the affirmative defenses described below, Amyris specifically reserves all rights to assert additional affirmative defenses as additional information becomes available.  Pursuant to

Federal Rule of Civil Procedure 8(c), Amyris, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1.   Amyris repeats and re-alleges the allegations of the preceding Paragraphs as if set forth fully herein.

2.   The Complaint fails to state any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Non-Infringement)

3.    Amyris repeats and re-alleges the allegations of the preceding Paragraphs as if set forth fully herein.

4.   Amyris has not directly infringed, induced infringement, or contributed to infringement, and does not directly infringe, induce infringement, or contribute to infringement of, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of U.S. Patent Nos. 8,415,136; 8,603,800; 8,859,261; 9,914,941; 9,410, 214; 7,172,886; 7,667,017; 7,622,282; 7,736,882; 7,659,097; 9,200,296; 10,106,822; 9,765,363; 9,670,518; 7,915,026; 8,288,147; 7,183,089; 7,670,825; 7,129,392; and 8,999,682 (the "Asserted Patents"), and has not otherwise committed any acts in violation of 35 U.S.C. § 271 . To the extent Amyris is practicing any claim of the accused patents, it has the right to do so as owner of the patents.

### THIRD AFFIRMATIVE DEFENSE
(Implied Waiver and Equitable Estoppel)

5.   Amyris repeats and re-alleges the allegations of the preceding Paragraphs as if set forth fully herein.

6.      Plaintiff's patent infringement claims are barred, in whole or in part, by reason of estoppel, the dedication-disclosure rule, the equitable doctrine of waiver, and/or the other legal doctrines limiting the scope of the claims and their equivalents.

7.      Plaintiff is estopped from construing any valid claim of the Asserted Patents to be infringed or to have been infringed, either literally or by application of the Doctrine of Equivalents, by any product made, used, imported, sold, or offered for sale by Amyris in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the Asserted Patents or any related patent, because of disclosures or language in the specifications of the Asserted Patents, and/or because of limitations in the claims of the Asserted Patents.

### FOURTH AFFIRMATIVE DEFENSE
#### (No willful infringement)

8.      Amyris repeats and re-alleges the allegations of the preceding Paragraphs as if set forth fully herein.

9.      Amyris has not and does not willfully infringe any claim of the Asserted Patents.  To the extent Amyris is practicing any claim of the accused patents, it has the right to do so as owner of the patents.

### FIFTH AFFIRMATIVE DEFENSE
#### (No willful or malicious misappropriation)

10.      Amyris repeats and re-alleges the allegations of the preceding Paragraphs as if set forth fully herein.

11.      Amyris has not willfully or maliciously misappropriated any of Plaintiff's alleged trade secrets.

## SIXTH AFFIRMATIVE DEFENSE
(Readily Ascertainable)

12.    Amyris repeats and re-alleges the allegations of the preceding Paragraphs as if set forth fully herein.

13.    Plaintiff cannot prevail against Amyris and cannot recover damages, unjust enrichment, or reasonable royalties, if any, for Amyris's alleged misappropriation of Lavvan's trade secrets (excluding those allegedly developed or improved by Amyris) because the alleged trade secret information was readily ascertainable by proper means.

## SEVENTH AFFIRMATIVE DEFENSE
(Independent Conception)

14.    Amyris repeats and re-alleges the allegations of the preceding Paragraphs as if set forth fully herein.

15.    Plaintiff cannot prevail against Amyris and cannot recover damages, unjust enrichment, or reasonable royalties, if any, for Amyris's alleged misappropriation of Lavvan's trade secrets (excluding those allegedly developed or improved by Amyris) because Amyris independently conceived of, and/or developed, the information that Plaintiff alleges Amyris misappropriated.

## EIGHTH AFFIRMATIVE DEFENSE
(Laches)

16.    Amyris repeats and re-alleges the allegations of the preceding Paragraphs  as if set forth fully herein.

17.    Plaintiff's non-patent infringement claims are barred, in whole or in part, by the equitable doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE
(Unclean Hands)

18.     Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and/or

*in pari delicto*.

## TENTH AFFIRMATIVE DEFENSE
(No Injunctive Relief)

19.     Amyris repeats and re-alleges the allegations of the preceding Paragraphs as if set forth

fully herein.

20.     Lavvan's remedies at law are adequate, and its alleged injury is not immediate or

irreparable, such that equitable relief would be inappropriate for any determined

infringement of the Asserted Patents.

## ELEVENTH  AFFIRMATIVE DEFENSE
(Statutory Limitation on Damages)

21.     Amyris repeats and re-alleges the allegations of the preceding as if set forth fully herein.

22.     Plaintiff's right to seek damages or costs is limited, including without limitation by 35

U.S.C. §§ 286, 287, 288, and  N.Y. C.P.L.R. § 214(4).

## TWELFTH AFFIRMATIVE DEFENSE
(No Attorney's Fees)

23.     Amyris repeats and re-alleges the allegations of the preceding Paragraphs as if set forth

fully herein.

24.     Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys'

fees against Amyris under 35 U.S.C. § 285 or otherwise.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

25.     Amyris repeats and re-alleges the allegations of the preceding Paragraphs as if set forth

fully herein.

26.     To the extent Plaintiff has suffered any damages, Plaintiff has failed to take reasonable

        steps to mitigate such damages.

### FOURTEENTH AFFIRMATIVE DEFENSE
(No Punitive or Exemplary Damages)

27.     Lavvan has not asserted a claim or alleged conduct for which punitive damages can be

        recovered.  Lavvan has not alleged any facts sufficient to support a finding that Amyris

        has acted with malice or oppression or any other facts sufficient to recover punitive or

        exemplary damages.  Further, punitive damages may not be recovered to the extent they

        are excessive under the Due Process Clause of the Fourteenth Amendment to the United

        States Constitution.

### RESERVATION OF ALL AFFIRMATIVE DEFENSES

Amyris presently has insufficient knowledge or information to determine whether it may have

additional, as yet unstated defenses.  Amyris has not knowingly and intentionally waived any

applicable defenses.  Amyris hereby gives notice that it intends to rely upon any other matter

constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of

Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to,

amend, withdraw, or modify these defenses as its investigation continues, as discovery may

require.

### PRAYER FOR RELIEF

A.  That the Court enter judgment for Amyris and against Lavvan on Lavvan's Complaint;

B.  That Lavvan take nothing by its Complaint and that Lavvan's Complaint be dismissed

    with prejudice;

C.  A determination that Amyris has not infringe and does not infringe the Asserted Patents;

D.  That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Lavvan's conduct

commencing and pursuing this action be found to render this an exceptional case and that

Amyris be awarded its attorneys' fees incurred in connection with this action;

E.  That the Court award Amyris its costs of suit; and

F.  That Amyris be awarded such other and further relief as the Court deems just and proper.

Dated: August 23, 2021                          Respectfully submitted,

                                                By: */s/ Brian A. Rosenthal*
                                                Brian A. Rosenthal
                                                brosenthal@gibsondunn.com
                                                Sarah L. Segal
                                                ssegal@gibsondunn.com
                                                Venus Allahyarzadeh
                                                vallahyarzadeh@gibsondunn.com
                                                GIBSON, DUNN & CRUTCHER LLP
                                                200 Park Avenue
                                                New York, NY 10166
                                                Tel.: 212.351.4000 / Fax: 212.351.4035

                                                Michael D. Celio, *pro hac vice*
                                                mcelio@gibsondunn.com
                                                H. Mark Lyon, *pro hac vice*
                                                mlyon@gibsondunn.com
                                                GIBSON, DUNN & CRUTCHER LLP
                                                1881 Page Mill Road
                                                Palo Alto, CA 94304-1211
                                                Tel.: 650.849.5300 / Fax: 650.849.5333

                                                Michael B. Carlinsky
                                                michaelcarlinsky@quinnemanuel.com
                                                Kevin P.B. Johnson
                                                kevinjohnson@quinnemanuel.com
                                                QUINN EMANUEL URQUHART &
                                                SULLIVAN, LLP
                                                51 Madison Avenue, 22nd Floor
                                                New York, NY 10010
                                                Tel.: 212.849.7000 / Fax: 212.849.7100

                                                *Attorneys for Defendant Amyris, Inc.*