

55 BROADWAY, THIRD FLOOR, NEW YORK, NY 10006

August 27, 2021

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Lavvan, Inc. v. Amyris, Inc.*, No. 20-CV-7386 (JPO)

Dear Judge Oetken:

I write on behalf of Plaintiff, Lavvan, in response to Amyris's letter-request dated August 16, 2021 (Dkt. 50), seeking permission to file under seal portions of its letter-motion to stay this case pending its interlocutory appeal.

Courts must review sealing requests "carefully and skeptically" to "insure that there really is an extraordinary circumstance or compelling need" to bar public access. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (quoting *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994)). Under the Second Circuit's three-step inquiry for assessing whether documents merit sealing, the court must (1) ascertain whether the documents qualify as judicial documents, (2) evaluate the weight of the presumption of public access, and (3) balance the competing interests. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). A party seeking sealing "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017); *see also Alexandria Real Estate Equities, Inc. v. Fair*, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) ("higher values" include attorney-client privilege, national security, privacy of third parties, sensitive patient information) (citing cases).

Amyris has not met this standard. Its letter-motion to stay this case is "relevant to the performance of the judicial function and useful in the judicial process," and thus squarely a judicial document entitled to a presumption of public access. *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

Amyris first seeks to redact a sentence describing the terms of the parties' Research, Collaboration and License Agreement ("RCL Agreement"). Dkt. 52 at 3. But Amyris itself publicly disclosed most of the RCL Agreement in an SEC filing. *See* Ex. 99.2 to Form 8-K for Amyris, Inc. (Sept. 11, 2020).[1] Indeed, the sentence that Amyris now seeks to redact is

---

[1] Available at https://www.sec.gov/Archives/edgar/data/1365916/000136591620000179/amrs-20200911.htm (Form 8-K); https://www.sec.gov/Archives/edgar/data/1365916/000136591620000179/a8kexhibit9902.htm (Ex.-99.2).

remarkably similar to Amyris's press release, which stated: "The RCL Agreement permits Amyris to conduct its development and commercialization efforts with regards to cannabinoids in the excluded market as defined under the RCL Agreement." *Id.* at Ex. 99.01; *cf. Zabolotsky v. Experian*, 2021 WL 106416, at *3 (S.D.N.Y. Jan. 12, 2021) (denying motion to seal where information was "already publicly available" such that "posting it again will not reveal any more information than is already available to the public").

Amyris also seeks to redact a sentence concerning arbitration proceedings. Dkt. 52 at 4. The fact that the arbitration is taking place is not confidential. *See* Dkt. 42, Opinion & Order at 3 (noting that Lavvan filed a request for arbitration). Amyris does not explain what is commercially sensitive or how it will be harmed if the timeframe for the arbitration is public. *See Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021) (refusing to seal procedural history of arbitration); *TECHGURU Consultants, Inc. v. Tech Guru LLC*, 2021 WL 533507, at *2 (S.D.N.Y. Feb. 12, 2021) ("there is nothing 'proprietary' about a mere decision to agree to resolve a litigation" in arbitration agreement).

Indeed, Amyris does not set forth any valid competing interest to justify shielding this judicial document from public view. *See Zabolotsky*, 2021 WL 106416, at *3 (weight accorded to presumption of access was "high" where document "was a motion seeking relief from the Court"). Amyris argues only that "there is a strong public interest in preserving the confidentiality of arbitration proceedings." Dkt. 50 at 2. But "district courts 'have consistently refused to seal the record' of arbitration proceedings, 'notwithstanding the existence of' any agreement regarding confidentiality." *SEC v. Ahmed*, 2020 WL 4333570, at *3 n.3 (D. Conn. July 28, 2020) (quoting *Aioi Nissay Dawa Ins. Co. v. ProSight Specialty Mgmt. Co.*, 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012)) (denying motion to seal arbitration complaint and related documents). In fact, Section 8.3 of the RCLA (which Amyris itself filed publicly with the SEC) contemplates disclosure of the agreement itself and other confidential information pursuant to "law or court order." *See* Ex. 99.2 to Form 8-K for Amyris, Inc. (Sept. 11, 2020); *cf. Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods., Inc.*, 2020 WL 7706741, at *4 (S.D.N.Y. Dec. 29, 2020) (denying motion to seal where settlement agreement permitted disclosure "to the extent specifically required by law or legal process"). Amyris's misplaced reliance on the ICC's Arbitration Rules likewise cannot justify sealing. *See Alexandria Real Estate*, 2011 WL 6015646, at *3 (rejecting argument that "documents should be sealed because the rules governing the arbitration established that the Award and arbitration proceedings would be confidential"). And Amyris's second proposed redaction does not even concern the substantive or factual record of arbitration proceedings; it concerns only the existence, scope, and timeline of the arbitration proceedings.

For the foregoing reasons, Lavvan respectfully submits that Amyris has not made the requisite showing to justify sealing.

> Respectfully,
>
> /s/ Jason Cyrulnik
>
> Jason Cyrulnik

cc: All counsel or record (via ECF)