

**CYRULNIK FATTARUSO LLP**

55 BROADWAY, THIRD FLOOR, NEW YORK, NY 10006

August 27, 2021

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Lavvan, Inc. v. Amyris, Inc.*, No. 20-CV-7386 (JPO)

Dear Judge Oetken:

      I write on behalf of Plaintiff, Lavvan, to oppose Amyris's letter-request dated August 16, 2021 (Dkt. 52), seeking a stay of this action pending the outcome of its interlocutory appeal of this Court's Opinion and Order dated July 26, 2021 denying Amyris's motion to compel arbitration.

      Amyris's interlocutory appeal to the Second Circuit does not justify a stay of this action. In assessing whether such a stay is justified, the Court should consider four factors: (1) whether the party requesting the stay has made a "strong showing" that it is likely to succeed on the merits of its appeal, (2) whether the requesting party will be "irreparably injured" without a stay, (3) whether issuance of a stay will "substantially injure" the other interested parties, and (4) "where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). The first two factors are the "most critical." *Id.* at 434. And the "probability of success that must be demonstrated" is "inversely proportional to the amount of irreparable injury" the requesting party will suffer without the stay. *Doe v. Trump Corp.*, 2020 WL 2538400, at *1 (S.D.N.Y. May 18, 2020); *see also Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (citing cases).

      Amyris fails to make the required showing. Amyris's probability of success on appeal is low: this Court correctly recognized that the operative contract expressly sets forth "clear dictates" that "the parties must litigate, not arbitrate, intellectual property disputes." Dkt. 42 at 5. Amyris also fails to show any compelling irreparable injury in the absence of a stay. The third and fourth factors—while less "critical" than the first two—also weigh against issuing a stay. Accordingly, the Court should deny Amyris's request.

**1.   Amyris Has Not Made a Strong Showing that It Is Likely to Succeed on Appeal**

      Amyris's appeal of this Court's sound opinion is unlikely to succeed on the merits. Amyris does not contend that this Court missed any fact or misapplied any law in denying Amyris's motion to compel arbitration. *Cf. In re Anderson*, 560 B.R. 84, 91 (S.D.N.Y. 2016) (denying stay pending appeal where appellant offered "no new grounds for abandoning" the

court's reasoning in its prior order). Instead, Amyris merely repeats the arguments this Court has already rejected.

Amyris first argues (at 2-3) that it is likely to succeed on appeal because this Court's decision creates a risk of inconsistent decisions between the arbitral tribunal and the Court. This argument recycles a one-sentence point from Amyris's motion to compel arbitration. *See* Dkt. 17 at 11. Amyris did not explain then how the purported risk of inconsistent decisions supported its interpretation of the applicable dispute-resolution provision, and Amyris does not explain now why a purported risk of inconsistent decisions makes Amyris likely to prevail on appeal. Amyris has not cited a single remotely comparable case from any court in the country that supports this argument.

Next, Amyris argues (at 2-3) that "there is a substantial question as to whether the parties clearly and unmistakably delegated questions of arbitrability to the arbitral tribunal." This simply repeats the same argument Amyris made and lost in its motion. *See* Dkt. 17 at 7. This Court correctly found that there was indeed "clear and unmistakable evidence" concerning the question of arbitrability—"but in the other direction" from the one Amyris advocates: the contract clearly and expressly excludes intellectual property disputes from arbitration. Dkt. 42 at 5.

Amyris has not made *any* showing that it is likely to succeed on appeal, much less a "strong" one. *Nken*, 556 U.S. at 434; *see also McDonald's Corp. v. Vanderbilt Atl. Holdings LLC*, 2021 WL 1784315, at *4 (E.D.N.Y. May 5, 2021) (denying stay pending appeal of motion to compel arbitration where defendant failed to demonstrate "substantial possibility" of success or "serious questions" on the merits). The first factor weighs heavily against issuing a stay.

## 2. Amyris Has Not Demonstrated that It Will Be Irreparably Injured Absent a Stay

Amyris has also failed to "demonstrate threatened irreparable injury that is imminent or certain, not a matter of speculation." *United States v. Stein*, 452 F. Supp. 2d 281, 284 (S.D.N.Y. 2006). Neither of Amyris's purported harms pass muster, especially considering its low likelihood of success on appeal. *Doe*, 2020 WL 2538400, at *1.

Amyris identifies as its principal purported "injury" that it will be required to "litigate the proper interpretation of the same contractual provisions in two forums—both before this Court and the arbitral tribunal." That does not constitute an irreparable injury, and Amyris does not cite a single case identifying it as such. If Amyris means to suggest that hypothetically, it could be injured if this Court interpreted the contractual provisions incorrectly, any such injury could be remedied by an appeal. *LifeTree Trading Pte., Ltd. v. Washakie Renewable Energy, LLC*, 2017 WL 4862792, at *3 (S.D.N.Y. Oct. 27, 2017) ("To the extent that Washakie's injury would come from the *outcome* of a trial, that injury is not irreparable."). And if Amyris means to suggest that it will be injured if required to participate in discovery, that is not an irreparable injury either. *See In re Anderson*, 560 B.R. 84, 92 (S.D.N.Y. 2016) ("mere fact that discovery would continue" pending appeal "is not sufficient to show" that requesting party "would be irreparably harmed if the stay is denied"); *Manigault v. Macy's E., LLC*, 2008 WL 238566, at *1 (E.D.N.Y. Jan. 28, 2008) (no irreparable harm in absence of stay, including because "whether this matter ultimately progresses before this Court or in an arbitral forum, information adduced through discovery will be useful to the litigants"); *United States v. Stein*, 452 F. Supp. 2d 281, 283 (S.D.N.Y. 2006)

(concluding that participation in discovery was not an irreparable injury because "any depositions or other discovery taken here during the pendency of the appeal could be used in any arbitrations that eventually might take place").

Amyris also argues that it will be deprived of its valuable right to arbitration if this case proceeds. But that argument assumes, contrary to the Court's well-founded ruling, that Amyris has a right to arbitration of these claims. It does not. Significantly, Amyris concedes (at 1-2) that the denial of its motion to compel arbitration does not entitle it to a stay as of right. Yet Amyris advocates for the functional equivalent of a stay as of right, relying on arguments the district court has rejected. *See McDonald's Corp. v. Vanderbilt Atl. Holdings LLC*, 2021 WL 1784315, at *5 (E.D.N.Y. May 5, 2021) (rejecting argument that statutory right of interlocutory appeal demonstrates "implied" congressional finding of irreparable harm justifying a stay, and distinguishing Amyris's cited cases, *Meyer* and *Starke*, as "complex putative class action lawsuits" in contrast to a dispute, as here, "between only two parties").

Given Amyris's low probability of success on appeal, it would need to make an "inversely proportional" strong showing of irreparable harm to merit a stay. Instead, Amyris fails to demonstrate irreparable harm at all, compounding the lack of merit in its stay request.

### 3. A Stay Will Substantially Injure Lavvan

Because both of the "critical" factors, discussed above, weigh decisively against a stay, the Court need go no further. But the third factor—whether issuance of the stay will substantially injure the other parties interested in the proceeding—also weighs against a stay.

A stay of the case will substantially injure Lavvan. A stay pending resolution of the appellate process would substantially delay Lavvan's case, as resolution of Amyris's appeal will take months if not years. Delay increases the risks that witnesses' memories will fade, evidence will be lost, and witnesses will disappear or become unavailable. *See DeWeerth v. Baldinger*, 836 F.2d 103, 109 (2d Cir. 1987); *see also Rothensies v. Elec. Storage Battery Co.*, 329 U.S. 296, 301 (1946) (recognizing peril of allowing claims "to slumber until evidence has been lost, memories have faded, and witnesses have disappeared"). Nor is that harm mitigated (as Amyris argues) because Lavvan has brought *other* claims in arbitration or because Amyris has "repeatedly offered to have these [intellectual property] claims heard in the arbitral forum." As the Court has recognized, "the parties explicitly agreed that intellectual property disputes would be determined by a court." Dkt. 42 at 4. Amyris's requested stay would delay Lavvan's right to have its intellectual property claims "determined by a court" as the parties expressly agreed.

### 4. A Stay Will Frustrate the Public Interest in Expeditious Resolution of Litigation

The fourth factor, public interest, also weighs against a stay. The Federal Rules of Civil Procedure reflects a policy favoring "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The "effect of the passage of time upon the Plaintiffs' interests" has "bearing on the public interest." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007). And while there is a public policy favoring arbitration, that policy does not supersede other interests. *Motorola Credit Corp*. 388 F.3d at 53-54.

For the foregoing reasons, the Court should Amyris's request for a stay pending appeal.

Respectfully,

/s/ Jason Cyrulnik

Jason Cyrulnik

Cc: All counsel of record (by ECF)

4