**CYRULNIK FATTARUSO LLP**

55 BROADWAY, THIRD FLOOR, NEW YORK, NY 10006

September 7, 2021

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Lavvan, Inc. v. Amyris, Inc.*, No. 20-CV-7386 (JPO)

Dear Judge Oetken:

I write on behalf of Plaintiff, Lavvan, to request the Court's assistance in setting a reasonably prompt schedule for Amyris's appeal of the Court's order denying Amyris's motion to compel arbitration. During our conference on September 1, in light of the Court's decision to stay this case pending Amyris's appeal, the parties discussed setting a prompt appeal schedule in the interest of mitigating the prejudice to Lavvan from the stay. Amyris expressed its expectation that a prompt schedule would be agreeable, particularly given that it has already briefed the issue it intends to argue on the appeal. Accordingly, the parties made plans to discuss. Unfortunately, we have been unable to agree.

Lavvan has proposed the following briefing schedule:

- Appellant's Opening Brief: October 1, 2021
- Appellee's Response Brief: November 1, 2021
- Appellant's Reply Brief: November 15, 2021

This schedule is not particularly accelerated for Amyris. It affords Amyris a full 8 weeks from the "ready date" of its appeal to file its opening brief, and it is only 5 weeks less than the *maximum* permissible time Amyris could take to file its opening brief under Local Rule 31.2 (91 days). The proposed 2-week reply time is only a week less than the 21-day maximum. *See* Local Rule 31.2(a)(2). While providing ample time for Amyris to prepare its appeal briefs, this schedule would ensure the appeal is briefed reasonably promptly and thereby minimize the prejudice to Lavvan from the current stay pending appeal.

In response, Amyris has proposed a protracted schedule that does not achieve the goals discussed at the September 1 conference and instead contemplates that the appeal would not be fully briefed until mid-January 2022. Under its proposal, Amyris would not file its opening brief for another month and a half, until October 22, 2021, just 2 weeks earlier than the latest permissible date. Further, Amyris remarkably proposes to take 30 days for its reply, *longer* than the 21-day maximum permitted under the rules.

      Amyris's proposal regrettably does not reflect a cooperative effort to brief its appeal promptly and move this case forward, but instead reflects a strategy to use the Court's stay order as an opportunity for unnecessary delay. Such delay is particularly unwarranted given that Amyris's appeal seeks to compel arbitration of a dispute that the parties' agreement expressly provides "will not be submitted to arbitration."[1]

      Lavvan therefore respectfully requests the Court's assistance in setting a reasonably prompt schedule for Amyris's appeal. Specifically, Lavvan requests that the Court condition the continued stay of this case on Amyris's compliance with Lavvan's proposed briefing schedule as set forth above. This modest modification of the Court's stay order is warranted to minimize prejudice to Lavvan from the delay occasioned by the current stay pending appeal, and does not prejudice Amyris, which will have ample time to brief its appeal issues for the Second Circuit.

                                                      Respectfully,

                                                      /s/ Paul Fattaruso

                                                      Paul Fattaruso

cc: All counsel of record (by ECF)

---

[1] RCL Agreement § 7.2.1, available at https://www.sec.gov/Archives/edgar/data/1365916/000136591620000179/a8kexhibit9902.htm.