# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel 650.849.5300
www.gibsondunn.com

Michael D. Celio
Direct: +1 650.849.5326
Fax: +1 650.849.5026
MCelio@gibsondunn.com

September 9, 2021

VIA ECF

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

Re:   *Lavvan, Inc. v. Amyris, Inc.,* No. 20-cv-07386 (JPO)

Dear Judge Oetken:

I write on behalf of Amyris in response to Lavvan's letter dated September 7, 2021, in which Lavvan asks this Court to condition a stay order it already issued on Lavvan's preferred appellate briefing schedule. This request is unusual given that appellate briefing schedules are the province of appellate courts. Even if the order Lavvan requests were appropriate, it would be unnecessary in this case for two reasons.

*First*, Lavvan has come to the Court not because Amyris refuses to agree to *any* accelerated briefing schedule, but because Amyris did not accept Lavvan's manifestly unreasonable, take-it-or-leave-it proposal. Lavvan proposed a hyper-accelerated briefing schedule, with 30 days for the opening brief, 30 days for the answering brief, and 14 days for the reply. In response, Amyris offered a 50/50/30 schedule, with no possibility of extensions. The last part is important, because litigants often request extensions of time to file appellate briefs, and those extensions are almost always unopposed and granted as a matter of course. Amyris thus suggested a briefing schedule that would have shortened the standard schedule by *months*. That suggestion was a reasonable compromise between Lavvan's desire to move quickly and Amyris's need, as the appellant, to draft compelling briefs. But the offer evidently wasn't good enough for Lavvan, which rejected it roughly 30 minutes later (without so much as a counter-offer) and immediately declared its intention to seek this Court's intervention.

*Second*, Lavvan claims that it would suffer prejudice from any schedule other than the one it demands, but never explains why. Indeed, Lavvan does not explain what prejudice it is facing *at all*, other than the existence of the stay itself. But the Court has already made clear that it will hold status conferences at least every six months; the Court's active management can address whatever unarticulated prejudice Lavvan fears.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

GIBSON DUNN

The Honorable J. Paul Oetken
September 9, 2021
Page 2

In short, Lavvan has asked this Court to issue an unusual order for no good reason. It has identified no prejudice from a modestly longer briefing period. The sole basis for Lavvan's request is that Amyris's offer to voluntarily accelerate the case schedule by months was, in Lavvan's view, not enough. The Court should deny Lavvan's request.

Respectfully submitted,


*/s/ Michael D. Celio*
Michael D. Celio


cc:     All counsel of record (*via ECF*)