

## CYRULNIK FATTARUSO LLP

55 BROADWAY, THIRD FLOOR, NEW YORK, NY 10006

February 1, 2023

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Lavvan Inc. v. Amyris, Inc.* No. 20-cv-07386 (JPO)

Dear Judge Oetken:

      I write on behalf of Plaintiff, Lavvan Inc., in response to the unauthorized, non-joint letter submitted earlier this evening by Defendant, Amyris, Inc., in contravention of the Court's Order of January 23, 2023, which directed the parties to "confer and file a joint status letter." Dkt. 76. We were surprised and dismayed by Amyris's unilateral submission and its misrepresentation that the parties "were unable to reach a joint status update." After several meet and confers regarding a proposed schedule for the case, Lavvan provided Amyris with a draft joint status letter early this afternoon. Amyris responded with a markup of the joint status letter at approximately 6:30 pm, stating: "We look forward to your thoughts on our proposed revisions." Then, without waiting for Lavvan's response—and without any further communication or notice—Amyris elected to file its unilateral letter, in direct violation of the Court's Order, roughly three hours later, without notice.[1] With regret that Amyris's unilateral decision to flout the Court's Order compels us to respond separately to the Court's direction to provide a status update, Lavvan provides the following status report.

**Status of Discovery**

      The Court stayed the case at the September 1, 2021, initial conference. (Dkt. 66.) At that time, the parties had not yet commenced fact discovery. The deadlines in the Civil Case Management Plan and Scheduling Order dated August 27, 2021 (Dkt. 60) expired during the pendency of the stay.

**Status of Settlement Discussions**

      The parties are not engaged in settlement discussions at this time.

---

[1] This is not the first time that Amyris has filed a premature letter to the Court and misrepresented the status of the parties' discussions. *See* Dkt. 45.

**Proposed Schedule for Further Proceedings**

The parties participated in a week-long arbitration hearing in October 2022 that is pending decision. In response to the Court's Order, Amyris reached out to propose a stay of further proceedings in this matter given the arbitration decision's potential preclusive effects on several important issues in this action.

While Lavvan is eager to move this action forward, it considered Amyris's proposal and explained that it would be willing to agree to a stay of proceedings in this action for the shorter of (i) 5 business days after the tribunal in the pending arbitration between the parties issues its final award, or (ii) 120 days, without prejudice to a potential further extension on agreement or application, subject to the Court's approval. Lavvan asked that Amyris disclose targeted information that will facilitate productive use of the proposed further stay period in a manner that places no meaningful burden on Amyris and will better position the parties to move forward efficiently at the end of a further stay period. Specifically, Lavvan requests that Amyris identify, within 21 days, all patents owned or controlled by Amyris or any of its affiliates. This information is directly relevant to Lavvan's claim that Amyris infringed Lavvan's exclusive patent rights to the "Amyris IP" under Sections 5.6 and 5.7 of the parties' Research, Collaboration, and License Agreement ("RCL Agreement"). The Amyris IP includes all patents owned or controlled by Amyris or its affiliates to the extent reasonably necessary or actually used for the research, development, manufacture and commercialization of cannabinoids, but those patents are not specifically enumerated in the agreement.

Amyris did not dispute that it could readily and easily provide this information, but it nevertheless thus far has refused to agree provide the information because it claims it is "publicly available." That is no answer. While the identity of applicants and assignees of U.S. patents is publicly available, a search of that information would not necessarily identify all the patents at issue in this litigation—*i.e.*, the patents Amyris *or its affiliates* own *or control* for purposes of the RCL Agreement.

Amyris also now contends, for the first time in its unauthorized letter, that Lavvan's targeted request somehow "suggests that Lavvan has failed to meet its obligations to conduct a pre-filing inquiry into its claims." That is nonsensical. The Court squarely addressed the adequacy of Lavvan's allegations at the motion to dismiss stage, noting that Lavvan "listed the patents it alleges were infringed" and "has described how Amyris allegedly infringed those patents." Dkt. 42 at 9. The Court further specifically noted that intellectual property plaintiffs "faced with an information disadvantage" may plead facts "upon information and belief," and that it was "*unclear what additional facts Lavvan could have offered absent discovery*." *Id.* at 10 (emphasis added). It is exactly to that point that Lavvan seeks this one item of discovery at this stage.

As noted, Lavvan seeks this targeted information now to facilitate productive use of a further stay period in a manner that places no meaningful burden on Amyris and will position the parties to move forward efficiently when the stay ends. This case, filed in September 2020, was initially stayed over Lavvan's objection while Amyris pursued its unsuccessful appeal of this Court's Order denying Amyris's motion to compel arbitration. The Court also denied Lavvan's

CYRULNIK FATTARUSO LLP

motion to expedite that appeal. (Dkt. 65.) While Lavvan is willing to agree to a limited additional stay based on the current arbitration timeline, Lavvan respectfully submits that the Court should direct Amyris to provide the limited disclosure Lavvan seeks, to mitigate the hardship arising from the 17-month delay in these proceedings. *See Nederlanse Erts-Tankersmaatchappij v. Isbrandsten Co.*, 339 F.2d 440, 442 (2d Cir. 1964) (permitting limited stay pending arbitration if arbitration is expected to conclude in a "reasonable time" and stay would not cause undue hardship).

In its unauthorized letter, Amyris indicates that it intends to burden the Court with a seemingly needless motion to stay, simply to try to avoid Lavvan's modest request for the very targeted and limited disclosure of the identity of all patents owned or controlled by Amyris or any of its affiliates. Amyris does not and cannot identify any burden associated with such disclosure, and its refusal to cooperate—even going so far as to flout this Court's directive to submit a joint letter—is curious to say the least.

For these reasons, we respectfully request that Amyris be directed to identify, within 21 days, all patents owned or controlled by Amyris or any of its affiliates, whereupon Lavvan would not oppose a stay of proceedings in this action for the shorter of (i) 5 business days after the tribunal in the pending arbitration between the parties issues its final award, or (ii) 120 days, without prejudice to a potential further extension on agreement or application.

We thank the Court for its attention to this matter.

Respectfully,

/s/ Jason Cyrulnik

Jason Cyrulnik

cc: All counsel of record (by ECF)