

**CYRULNIK FATTARUSO LLP**

55 BROADWAY, THIRD FLOOR, NEW YORK, NY 10006

February 3, 2023

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:   *Lavvan, Inc. v. Amyris, Inc.*, No. 20-CV-7386 (JPO)

Dear Judge Oetken:

I write on behalf of Plaintiff, Lavvan, in opposition to Amyris's letter-request dated February 1, 2023 (Dkt. 79), seeking permission to file under seal portions of its letter to the Court (Dkt. 80).

Amyris has not met the standard for sealing. Courts must review sealing requests "carefully and skeptically" to "insure that there really is an extraordinary circumstance or compelling need" to bar public access.[1]

Amyris makes four redactions obscuring information concerning the timing and occurrence of procedural steps in the parties' arbitration. On their face, none of these unremarkable statements (or in some cases single words) merits sealing. Moreover, Amyris itself has publicly disclosed substantially similar arbitration-related information before this Court and the Second Circuit. For example, Amyris discussed arbitration discovery at the September 2021 conference in this case, the transcript of which is publicly available.[2] Amyris disclosed in open court before the Second Circuit in September 2022 that the parties were "about to try this case in about a month."[3] And even in the letter it now seeks to partially seal, Amyris publicly states that a decision is "forthcoming" from the arbitral tribunal (Dkt. 80 at 1). Even if the information Amyris now seeks to seal otherwise met the standard for sealing (it does not), once "the cat is out of the bag," there is no reason to redact such information.[4] Accordingly, Lavvan respectfully submits that Amyris's motion to seal should be denied.

> Respectfully,
>
> /s/ Jason Cyrulnik
>
> Jason Cyrulnik

cc: All counsel or record (via ECF)

---

[1] *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (quoting *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994)).
[2] *See* Dkt. 66 at 8 (Amyris counsel: "Discovery is ongoing"); *id.* at 10 (Amyris's counsel acknowledging overlap between discovery in arbitration and federal case).
[3] Oral Argument, *Lavvan, Inc. v. Amyris, Inc.*, 21-1819 (2d. Cir. Sept. 9, 2022), at 19:23, *available at* Oral Arguments (uscourts.gov).
[4] *See SmithKline Beecham Corp. v. Pentech Pharms.*, Inc., 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (Posner, J., sitting by designation) (refusing to seal otherwise confidential information because it had already become public).