December 1, 2023

<u>VIA ECF</u>

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   <u>*Lavvan, Inc. v. Amyris, Inc.*, No. 20-cv-07386 (JPO)</u>
      <u>Joint Status Letter Pursuant to Dkt. No. 105</u>

Dear Judge Oetken:

We are attorneys for Plaintiff Lavvan, Inc. ("Lavvan") and Defendant Amyris, Inc. ("Amyris") in the above-referenced action. On October 17, 2023, the Court requested that the parties file a joint status letter on or before December 1, 2023. Dkt. No. 105. Accordingly, we write to provide a status update to the Court.

**<u>Update Regarding Amyris's Bankruptcy Petition</u>**

On August 9, 2023, Amyris and certain of its affiliates filed voluntary petitions for relief under Title 11 of Chapter 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (Case No. 23-11131-TMH). The following day, Amyris filed a Notice of Bankruptcy Case Filing in this action, stating that pursuant to 11 U.S.C. § 362(a), the "filing of voluntary petitions operates as a stay" of "the commencement or continuation of all judicial, administrative, or other actions or proceedings against the Debtors." *See* Dkt. No. 104 at 2.

On September 11, 2023, the bankruptcy court granted Lavvan's motion for modification of the automatic stay, "solely to the extent necessary to permit the issuance of a decision in the Arbitration currently pending between Lavvan, Inc. and Amyris, Inc. in the International Chamber of Commerce International Court of Arbitration." Bkcy. Dkt. No. 230.

Amyris represents that it is continuing to work with its various creditor constituents to develop and file a consensual amended plan of reorganization. Currently, a hearing to consider the adequacy of the Debtor's disclosure statement is scheduled for December 7, 2023. Amyris represents that it hopes to exit Chapter 11 by the end of January.

The Honorable J. Paul Oetken
December 1, 2023
Page 2

**<u>Lavvan's Update Regarding Arbitration Award</u>**

On November 22, 2023, International Chamber of Commerce International Court of Arbitration ("ICC") issued a final award in the arbitration between Lavvan and Amyris. In its decision, the ICC held (i) that Amyris materially breached and repudiated the parties' Research, Collaboration, and License Agreement ("RCL Agreement") and (ii) that Amyris breached its fiduciary duty to Lavvan. The ICC also dismissed Amyris's counterclaims against Lavvan.

Pursuant to those rulings, the ICC awarded Lavvan's requested declaratory relief that:

(a) Amyris is prohibited under the RCL Agreement from engaging in the manufacture or sale of Collaboration Cannabinoids without Lavvan's express consent, except under the limited circumstances set forth in Sections 4.5.4(b) and 5.10.

(b) Amyris's breaches of the RCL Agreement have resulted in the occurrence of a Breach Condition as defined in Section 1.23 and a Release Condition as defined in Section 4.4.4(i). Under the RCL Agreement, the occurrence of a Release Condition entitles Lavvan to the release of certain Escrowed Materials under Section 4.4.4 and to an "exclusive, worldwide, royalty-free, fully paid-up, sublicensable, license, under the Technology and the Amyris IP, to research and develop Cannabinoids in the Lavvan Field" under Section 5.7, and further renders "royalty free" Lavvan's exclusive license under Section 5.6 to "make, have made, use, sell, offer for sale and import, and Manufacture and Commercialize Cannabinoids in the Lavvan Field."

The ICC further ordered Amyris to disgorge to Lavvan all profits Amyris earned from the sale of Collaboration Cannabinoids and ordered Amyris to pay the full costs of the arbitration, explaining: "Having successfully established its claims for breach of contract and breach of fiduciary duty and defended Amyris's counterclaims, Lavvan is the prevailing party."[1]

Lavvan notes that the ICC's holdings have significant implications for the claims at issue in this action (which pending claims the ICC recognized in its award), including both the ICC's finding of the occurrence of a Release Condition and the associated exclusive license rights that Lavvan possesses (noted above) as well as the ICC's rejection of Amyris's contention that it was permitted to develop and manufacture cannabinoids in the F&F Market without Lavvan. At this time, however, the automatic stay remains in place with respect to this action.

---

[1] Lavvan proposed to attach the ICC's final award as an exhibit to this update. Amyris, however, contends that the final award is confidential and does not agree to providing it as an exhibit.

The Honorable J. Paul Oetken
December 1, 2023
Page 3

**Amyris's Update Regarding Arbitration Award**

As stated in Amyris's 8-K filed on November 29, 2023:

> On November 22, 2023, the ICC International Court of Arbitration (the "ICC") issued a final decision in the Lavvan, Inc. ("Lavvan") v. Amyris, Inc. case, which Lavvan had filed against the Company in August 2020 seeking close to $900,000,000 in damages related to that certain Research, Collaboration, and License Agreement ("RCLA") between Lavvan and the Company. In its decision, the ICC found that the Company had breached both the RCLA and a fiduciary duty owed to Lavvan under New York law. As a result of such breach, the ICC, among other things, (i) ordered the Company to disgorge to Lavvan all profits earned from the sale, if any, of Collaboration Cannabinoids (as defined in the RCLA), (ii) ordered the Company to pay to Lavvan $820,458.67 for the costs of the arbitration, and (iii) declared that the Release Condition (related to rights to materials in escrow under the RCLA) had occurred. Furthermore, pursuant to the ICC's decision, the Company is prohibited from engaging in the manufacture or sale of Collaboration Cannabinoids without Lavvan's express consent, except under certain limited circumstances set forth in the RCLA. The ICC rejected all remaining claims and requests. Because the Company does not believe it has any profits that would be subject to disgorgement, the Company believes its financial liability to Lavvan on account of claims in this arbitration matter is limited to $820,458.67.

*     *     *

Respectfully submitted,

By: */s/ Ian M. Dumain*  
Ian M. Dumain  
CYRULNIK FATTARUSO LLP

*Counsel for Plaintiff Lavvan, Inc.*

By: */s/ Michael D. Celio*  
Michael D. Celio  
GIBSON, DUNN & CRUTCHER LLP

*Counsel for Defendant Amyris, Inc.*

cc:   All Counsel of Record (Via ECF)